(November 26, 1894.)

## SWEETSER v. MELLICK.

### [38 Pac. 403.]

Contract for Sale and Delivery of Cattle—What Vendor must Prove to Recover.—In suit on contract for refusal of purchaser to receive cattle in order to entitle vendor to recover, he must prove that he was able and willing to deliver, at the time and place agreed upon, the number of cattle agreed upon; that said cattle were the kind and quality required by the contract; and the difference in the market value of the cattle described in the contract, if any, at the time and place of delivery, and the price agreed to be paid therefor.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

Eden & Terrel, for Appellant.

The verdict of the jury and the judgment is not supported by the evidence and is against the law. The court erred in giving the instruction, in which the jury are told that they should duly consider all the evidence with the view of doing absolute justice between the parties according to the best of their skill and ability. The jury should arrive at a verdict from the facts according to the law as given by the court and then equal justice will generally be the result, but if the jury are to find according to their views of equal justice, guided by their skill and ability, prejudice or feeling may make that appear to be equal justice in one case which would be iniquitous in another. (*Kelly v. Cunningham,* 1 Cal. 366.)

James H. Hawley and W. T. Reeves, for Respondents.

It appears from appellant's bill of exceptions that the appellant excepted and objected to all of the instructions given by the court. This is a general exception, and such exception is not sufficient if the charge contains various propositions of law. (*Black v. City of Lewiston,* 2 Idaho, 276, 13 Pac. 80.) To simply except to the instruction is not sufficient. The grounds upon which the exception is based, the reasons for the objection, should be given. (*Estate of Page,* 57 Cal. 238; Rev. Stats., secs, 4426, 4428.) It has been held repeatedly both in criminal and civil cases that error in phraseology or inapt expressions used by the courts in instructions should be disregarded and treated as harmless error. (*People v. Cronin,* 34 Cal. 294; *People v. Smith,* 23 Cal. 281.) All the evidence showed clearly the unquestionable right to recover in this case the difference in the contract price of the cattle and the actual market value at the date they were to be delivered, and if this is clearly shown under the evidence in this cause, when this is true, the error if one was made is, and should be, disregarded as a harmless error. (*Terry v. Sickels,* 13 Cal. 427; *Hughes v. Wheeler,* 76 Cal. 230, 18 Pac. 386; *Robinson v. Union Pac. R. R. Co.,* 48 Cal. 424; *Pico v. Stevens,* 18 Cal. 378; *Caulfield v. Sanders,* 17 Cal. 569.)

MORGAN, J.—On May 8, 1893, plaintiffs agreed to sell and deliver to defendant, *inter alia,* all their steers, three years old and upward, being about four hundred head, one hundred, at least, of which should be four years old and upward, and rang- ing in Cassia county, Idaho; to be delivered at American Falls, in Oneida county, or at Pocatello, in Bannock county, at the option of defendant. "All cattle to be of full age at the time of delivery, and in good condition, free from cripples, stags or runts or diseased animals of any kind, and to be straight range cattle." For which said defendant was to pay twenty-five dol- lars per head, in full, at the time of delivery. For some reason, not stated, defendant notified plaintiffs that he could not receive said cattle on or about July 1, 1893, and asked plaintiffs to give him further time, until last of July, 1893, to which plaintiffs as- sented. On July 21, 1893, plaintiffs notified defendant by let- ter that he must receive said cattle according to contract by Au- gust 4, 1893, and on July 25, 1893, the defendant wrote to plain- tiffs, saying: "You need not take cattle to American Falls. I will not take them. [Signed] W. F. Mellick." On July 29, 1893, plaintiffs brought suit against Mellick, and claimed damages for breach of contract, in the sum of $4,150, and costs of suit. The cause was tried before the court and a jury on February 12, 1894.

In order to recover in this case, the plaintiffs must prove that they were able and willing to deliver, at the time and place agreed upon, the number of cattle agreed upon; that said cattle were in good condition, free from cripples, stags, runts or diseased ani- mals of any kind, and straight range cattle. Having proven this, plaintiffs must next prove the difference in value at the time and place of delivery of such cattle as the contract called for, and the price agreed to be paid therefor. Does the evi- dence show that they did this? J. M. Pierce swears that he is a cattleman, and has been for several years; that the market price of steers at American Falls in July and August, 1893, such as Sweetser & Burroughs had, with which he (Pierce) was acquainted, was fifteen dollars to seventeen dollars per head. Burroughs had previously sworn that the firm had four hundred head of the kind of cattle mentioned in the contract, twenty- five per cent of which were four year olds, but it does not appear

that Pierce had ever seen them, nor that he was putting a value on such cattle. Pierce's testimony falls far short of evidence necessary to enable the plaintiffs to recover in this case. His testimony is that the kind of steers such as plaintiffs had, with which he (Pierce) was acquainted, were worth fifteen dollars to seventeen dollars per head. The kind of cattle plaintiffs. had, with which Pierce was acquainted, might be entirely different cattle from those required in the contract. L. S. Sweetser swears that the market value of the steers in American Falls in July, and up to the 4th of August, 1893, was fifteen dollars per head. Were these cattle upon which he was placing a value the two hundred and sixteen head which he swears they shipped, or was it the value of the steers which they themselves cut out of the band, that were not good enough to ship? It will be seen that the testimony falls far .short of saying that. Cattle of full age—that is, three and four year olds—in good condition, free from cripples, stags, runts or diseased animals, and straight range cattle, were only worth at the time fifteen dollars to seventeen dollars per head in American Falls. This appears to be all the testimony given on the trial. Burroughs' testimony, as given in the statement on motion for a new trial, differs somewhat from that detailed in the bill of exceptions. In the statement he says: "The market value of three and four year old steers, such as we had at Rock Creek in the latter part of July, 1893, was about fifteen dollars per head." It follows that there was no testimony as to the market value of the precise kind of steers required by the contract, and yet .from this testimony the jury were required to find a verdict. It is. clearly not sufficient to support the verdict and judgment.

It appears from the record that the defendant was not. present at the trial, and that no evidence whatever was introduced on his behalf. Some affidavits were introduced on the hearing of the motion for new trial in explanation of the absence of the defendant, and detailing facts he (defendant) could have proven if present. It does not appear that these affidavits were made part of either the bill of exceptions, or of the statement on motion for a new trial. This court, therefore, cannot notice them. Why they were not incorporated in the statement, as a part of the record, as being papers used

on the hearing of the motion for new trial, is not explained. In any view, however, the evidence is not sufficient to sustain the verdict. Judgment reversed, and cause remanded for new trial. Costs awarded to appellant.

Huston, C. J., and Sullivan, J., concur.