(January 18, 1898.)

## SWEETZER v. MELLICK.

### [51 Pac. 985.]

GRANTING NEW TRIAL.—Where the record does not show the grounds upon which a new trial was granted, and no error warranting a new trial is apparent from the record, the order granting a new trial will be reversed. (*Lowe v. Long*, ante, p. 122, 47, Pac. 93, affirmed.)

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

F. S. Dietrich and Eden & Warner, for Appellant.

No authorities cited upon the point decided.

Hawley & Puckett, for Respondents

It is a well-established rule in this state that the court will not disturb a verdict or judgment or order denying a new trial, upon the point of the insufficiency of the evidence, where there is a substantial conflict of testimony. (*Mootry v. Hawley*, 1 Idaho, 543; *Ainslie v. Printing Co.*, 1 Idaho, 641; *Chauvin v. Valiton*, 7 Mont. 581, 19 Pac. 215; *Reynolds v. Lincoln*, 73 Cal. 191, 14 Pac. 674.) The granting of a new trial upon the ground that the former verdict was not supported by the evidence is within the discretion of the trial court, and will not be reversed unless there has been an abuse of discretion. (*Cole v. Wilcox*, 99 Cal. 549, 34 Pac. 114.) Our statute even makes it the duty of the trial judge to grant a new trial without motion of either party where there has been a plain disregard of the evidence or of the instructions. (Idaho Rev. Stats., sec. 4444; *Lake Shore etc. Ry. Co. v. Richards*, 152 Ill. 59, 38 N. E. 773, 30 L. R. A. 33, and notes.)

HUSTON, J.—This action was commenced in the district court for Bannock county on July 29, 1893. The plaintiffs sued to recover damages claimed to have been suffered by them by reason of the failure and default of defendant in not keeping and performing the conditions of a contract entered into by

plaintiffs and defendant for the sale by plaintiffs, and the purchase by defendant, of a certain lot of cattle. It seems that on the first trial a verdict and judgment were found and rendered for plaintiffs. Upon motion of defendant a new trial was granted, which trial also resulted in a verdict and judgment for plaintiffs. Defendant appealed, and the judgment of the district court was reversed by this court (4 Idaho, 201, 38 Pac. 403). The case was again tried by the district court, which trial resulted in a verdict and judgment for the defendant. A motion for a new trial was made by plaintiffs, and granted by the district court, and from such action and decision of said court this appeal is taken.

It is contended by the respondents that the evidence in the case does not support the verdict of the jury, and that, the trial court having so found, its action is conclusive, and the appellate court will not reverse its action. This is not the view this court has heretofore taken of this question. In *Lowe v. Long,* ante, p. 122, 47 Pac. 93, we held that "where the record does not show the grounds upon which a new trial was granted, and no error warranting a new trial is apparent from the record, the order granting a new trial will be reversed." The statute authorizes an appeal from an order of the district court granting a new trial. We suppose that the object and purpose of such appeal are to have the action of the trial court reviewed here. But, if we are to meet *in limine* the rule invoked by respondents, we fail to see the utility of an appeal. If the appeal is only for the purpose of securing the affirmance of the judgment of the district court, the statute is idle. Whether the action of the district court was predicated upon the insufficiency of the evidence, in its opinion, to sustain the verdict, or upon some other ground not apparent in the record, we are not advised. The district court gives no ground for setting aside the verdict of the jury, and we must either accept, as respondent insists that we should do, the conclusions of said court, or examine the record ourselves, and endeavor to ascertain if any error has occurred in the trial of the case which would, in our opinion, warrant or sustain the action of the trial court. Having once before examined, and stated at some length, the evidence in this case (see

*Sweetser v. Mellick,* 4 Idaho, 201, 38 Pac. 403), we do not feel called upon to repeat it. We have given the record a careful and thorough examination, and, while it is true that there is same conflict in the evidence, we think that the verdict is abundantly sustained by it. The order of the district court granting a new trial is reversed, with costs to appellant.

Sullivan, C. J., and Quarles, J., concur.