(December 31, 1917.)

STATE, Respondent, v. WILLIAM LUMPKIN, Appellant.

[169 Pac. 939.]

MOTION FOR NEW TRIAL — NEWLY DISCOVERED EVIDENCE—SUFFICIENCY OF.

1. When the circumstances upon which a verdict is based can be as reasonably explained upon some other hypothesis than that of defendant's guilt or are as consistent with his innocence as his guilt, a new trial should be granted.

2. Evidence of new facts not brought out upon the trial cannot be regarded as merely cumulative.

3. Evidence which bears directly upon the main fact at issue cannot be regarded as merely impeaching, even though its effect may also be to impeach a witness for the state.

4. A new trial should not be granted upon the ground of newly discovered evidence where such evidence is merely cumulative, but if the evidence is not cumulative merely and is such as to render

Authorities discussing the question as to whether cumulative evidence is grounds for new trial in criminal cases are collated in a note in 46 L. R. A., N. S., 903.

On the question of cumulative evidence as grounds for new trial in general, see note in 14 L. R. A. 609.

a different verdict reasonably probable upon a retrial, a new trial should be granted.

5.  A new trial should be granted because of newly discovered evidence, even though such evidence is cumulative, if it is of so controlling a character as to probably change the verdict.

6.  *Held,* that the affidavits of newly discovered evidence herein are sufficient to entitle appellant to a new trial.

7.  *Held,* that if the newly discovered evidence herein relied upon were introduced upon a retrial, it would be disregarding the weight and effect of evidence altogether to say that it is not reasonably probable that a different verdict would result.

[As to what is cumulative evidence within the rule excluding it when offered as newly discovered evidence in support of motion for new trial, see note in Ann. Cas. 1913D, 157.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

From a judgment of conviction for selling intoxicating liquor and from an order denying a new trial, defendant appeals. *Reversed,* with instructions to grant a new trial.

McFarland & McFarland, for Appellant, cite no authorities on points decided.

T. A. Walters, Atty. Genl., J. P. Pope, Assistant, and Bert A. Reed, for Respondent.

The granting or denying of a new trial in a criminal case rests in the sound discretion of the trial court, and its action thereon will not be disturbed on appeal unless there appears a clear abuse of discretion. (*State v. Barber,* 15 Ida. 96, 96 Pac. 116.)

A new trial will not be granted for newly discovered evidence which, when produced, will merely impeach or discredit a witness who testified at the trial. (12 Cyc. 741, and cases cited.)

BUDGE, C. J.—The appellant was informed against, tried and convicted of the crime of selling intoxicating liquor, and was sentenced to pay a fine of $100, to be confined in the

county jail for sixty days, and his license as a pharmacist was revoked. This is an appeal from the judgment and from an order overruling a motion for a new trial.

The material part of the information charges "that the said William Lumpkin, on or about the 26th day of January, A. D. 1917, at the county of Kootenai, state of Idaho, unlawfully and wilfully did sell and deliver to one Sam Thomas, one pint bottle filled with a fluid containing seventy per cent of alcohol, an intoxicating liquor, at and for the price of seventy-five cents. . . . . "

The evidence on the part of the state consisted of the testimony of Thomas to the effect that he bought the liquor, a mixture of ginger and alcohol, from appellant as alleged; the testimony of Jackson, a police officer, that he was standing on the opposite side of the street at the time, saw Thomas go into the drug-store and hand appellant a bottle, that appellant took the bottle into the rear of the store and returned shortly and gave it back to Thomas, that Thomas took the bottle and left the store and was shortly after arrested by Jackson and another officer, and that the pint bottle containing the liquor and an empty half-pint bottle were found in his possession at that time; a federal license authorizing appellant to sell intoxicating liquors was also introduced.

The evidence on the part of appellant consisted of his own testimony denying the sale or delivery of the liquor to Thomas, coupled with an explanation that he had been required by the federal internal revenue collector to take out the license in order to enable him to carry pure alcohol and certain medicines and drugs containing alcohol handled in his business as a pharmacist. Numerous witnesses testified on his behalf to the effect that he had borne a good reputation as a law-abiding citizen. To rebut this latter testimony two witnesses were produced by the state, but they each testified that plaintiff had always borne a good reputation in this regard.

The principal assignment of error is that "the court erred in overruling and denying appellant's motion and application

for a new trial." The chief ground relied upon by appellant on his motion for a new trial was that of newly discovered evidence, in support of which many affidavits were presented, to which counter-affidavits were filed by the state.

The affidavit of Drus, a pharmacist who had frequently assisted appellant in his work, is to the effect that on the 26th of January, 1917, there was no fluid extract of ginger in the drug-store and had not been for several days prior thereto and was not for several days thereafter; that he was in the drug-store on the evening in question when Thomas came in and heard appellant refuse to let Thomas have any alcohol, and that he had frequently before that heard appellant refuse to furnish Thomas any alcohol without a permit; and while it is true that Drus was subpoenaed as a witness for appellant, and although he did not testify, was present in court upon the trial,—this should not exclude his affidavit from consideration under all the facts and circumstances surrounding this case. It affirmatively appears that the facts set forth in his affidavit were unknown either to appellant or his counsel until revealed by affiant for the first time after the trial.

At the time of his arrest, Thomas had two bottles in his possession, one containing alcohol and ginger and the other empty,—this, in view of the affidavit of Drus that appellant refused to sell Thomas any alcohol at the time alleged, renders Jackson's testimony as to what he saw through the window from across the street as consistent with appellant's innocence as with his guilt. As was said by this court in an early case: "When the circumstances upon which a verdict is based can be as reasonably explained upon some other reasonable hypothesis than that of defendant's guilt or as perfectly consistent with defendant's innocence, then a new trial should be granted." (*State v. Nesbit*, 4 Ida. 548, 43 Pac. 66.)

Colgate, referring to a conversation had with Thomas about February 15, 1917, states in his affidavit as follows: "And affiant said to him: 'I heard you were arrested for getting alcohol at Billie Lumpkin's'. Whereupon the said Sam Thomas said that he had not gotten any alcohol from Billie

Lumpkin, but that Jackson, the police officer, had told him if he, the said Thomas, would say he had gotten alcohol from Billie Lumpkin, he would see that the court was light on him and would not give him a 'Big Dose,' and that at the same time and place the said Thomas said to affiant that the night he was arrested, he tried to get some alcohol from Billie Lumpkin, and Billie Lumpkin would not let him have it without a permit.''

Caryl, in his affidavit, referring to a conversation had with Thomas early in February, 1917, says: ''The said Thomas told affiant that he never had gotten a drop of alcohol, or any other kind of liquor from Lumpkin, without a permit.''

Neither Colgate nor Caryl were present as witnesses at the trial, and the facts they relate in their affidavits were first learned by appellant and his counsel thereafter.

It further appears from the affidavits that appellant had been ill for some time prior to the 26th of January, 1917, and was for some time thereafter; and that the failure of appellant to discover this evidence was due to no lack of diligence on the part either of himself or his counsel.

The facts relied upon as newly discovered evidence cannot be regarded as merely cumulative, and, while much of this matter is of an impeaching character, it goes much further than merely tending to impeach the state's witness, and bears directly upon the main fact at issue. And while it is true that merely cumulative or contradictory evidence, even though newly discovered, is not sufficient to require the granting of a new trial, the true test is as hitherto announced by this court in the following language: ''to entitle the defendant to a new trial upon the ground of newly discovered evidence, it must appear from the affidavits presented that the new evidence is not cumulative *merely, that it is such as to render a different verdict reasonably probable upon a retrial,* and that the evidence could not with reasonable diligence have been discovered and produced at the trial.'' (Italics ours.) (*State v. Fleming,* 17 Ida. 471–505, 106 Pac. 305, and many authorities.) The distinction has been clearly pointed out by the Nebraska court as follows: ''While the

general rule is established that a new trial will not be granted because of newly discovered evidence impeaching a witness, the rule has its limitations. This court has stated the doctrine as to cumulative evidence to be that a new trial will not be granted unless such evidence be of so controlling a character as to probably change the verdict.'' (*Bailey v. State,* 36 Neb. 808, 55 N. W. 241–243. See, also, *People v. Friday,* 83 Hun, 240, 31 N. Y. Supp. 399.)

We are of the opinion that if this additional and newly discovered evidence were introduced upon a retrial, it would be disregarding the weight and effect of evidence altogether to say that it is not reasonably probable that a different verdict would result. The affidavits of newly discovered evidence are sufficient to entitle appellant to a new trial. The judgment is reversed and the cause is remanded, with instructions to grant appellant a new trial.

Morgan and Rice, JJ., concur.