(May 28, 1923.)

J. H. McALLISTER, Respondent, v. J. L. BARDSLEY, S. D. BUNDY and WADE H. ROSS, Appellants.

[215 Pac. 852.]

CONTRACTS—RESCISSION—FRAUDULENT REPRESENTATIONS—NEW TRIAL —NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE.

1. Where a new trial is granted, the trial court should set out in its order the particular grounds upon which the same was granted, and, where it fails to do so, it becomes necessary for this court to examine the entire record to ascertain whether or not the order can be sustained on any ground specified in the motion or as disclosed by the entire record.

2. The granting or refusal to grant a motion for a new trial is addressed to the sound discretion of the trial court and in the exercise of this discretion, it will not be disturbed except in a case of manifest abuse.

3. From an examination of the record in this case, *held* that the controlling reason for granting the motion for a new trial was that of newly discovered evidence.

4. Even though it appear from affidavits filed that newly discovered evidence may be cumulative, where such evidence involved the main issue and it is probable that its effect would be to produce a different judgment on the retrial, a new trial should be granted.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to rescind contract and for damages. Judgment for defendants and plaintiff moved for a new trial and motion was granted. Appeal from order granting new trial. Order *affirmed.*

T. A. Walters and H. E. Wallace, for Appellants.

"Alleged newly discovered evidence which is mainly cumulative and which was not beyond the reach of the parties at the time of the trial is not ground for a new trial." (*Knollin v. Jones,* 7 Ida. 466, 63 Pac. 638; *Hackman v. Espey,* 12 Ida. 755, 88 Pac. 80; *Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962; *Wood v. Moulton,* 146 Cal. 317, 80 Pac. 92; *State v. De Marias,* 27 S. D. 303, Ann. Cas. 1913D, 154, 130 N. W. 782; *Wilson v. Plank,* 41 Wis. 94; *Kringle v. Kringle,* 123 Iowa, 365, 98 N. W. 882; *Hemmer v. Burger,* 127 Iowa, 614, 103 N. W. 957; *Rockwell v. Ketchum,* 149 Iowa, 507, 128 N. W. 940.)

The newly discovered evidence must be set forth, and it must also appear from the affidavit that the plaintiff could not with the exercise of reasonable diligence have discovered the same and produced it at the trial. (*Amonson v. Stone,* 30 Ida. 656, 157 Pac. 1029; *Stolz v. Scott,* 28 Ida. 417, 154 Pac. 982; *Hall v. Jensen, supra.*)

Newly discovered evidence is ordinarily looked upon with disfavor on motion for a new trial as ground thereof, and the party relying thereon must make a strong showing of diligence on his part in preparing for the trial. (*In re Cover's Estate,* 188 Cal. 133, 204 Pac. 583 (and cases cited); 29 Cyc. 883, 884.)

The court could not legally consider the affidavit filed with him personally and not served upon the defendants, after the time the motion had been submitted. (C. S., sec. 6890, subd. 1.)

The plaintiff was advised before the trial of the materiality of the testimony of Lewis, but went to trial without him because his whereabouts was unknown, without moving for a continuance, and is not now entitled to a new trial on the ground of newly discovered evidence because the where-

abouts of Lewis was learned during the trial. (*Scanlon v. San Francisco & S. J. V. Ry. Co.,* 128 Cal. 586, 61 Pac. 271; 29 Cyc. 885 and 886.)

E. J. Dockery and J. P. Pope, for Respondent.

A motion for a new trial is addressed to the sound discretion of the court. (*Hafner v. Fitzpatrick* (Wash.), 203 Pac. 3; *K. K. K. Medicine Co. v. Harrington,* 83 Okl. 201, 201 Pac. 496; *Missouri K. & T. Ry. Co. v. James,* 61 Okl. 1, 159 Pac. 1109; *Danciger v. Isaacs,* 82 Okl. 263, 200 Pac. 164; *Hall v. Jensen,* 14 Ida. 165.)

A motion for a new trial on the ground of newly discovered evidence and of diligence in connection therewith is addressed to the sound discretion of the court, and the court has a very large discretion in the granting of a new trial on that ground. (*Danciger v. Isaacs, supra; Roe v. Snyder,* 100 Wash. 311, 170 Pac. 1027.)

No fixed standard can be established for the measurement of diligence in each case; no iron-bound rule can be prescribed, for every case must be governed by the circumstances surrounding it. (20 R. C. L. 292; *State v. Stowe,* 3 Wash. 206, 28 Pac. 337, 14 L. R. A. 609; *State v. Lumpkin,* 31 Ida. 175, 169 Pac. 939; *Roe v. Snyder, supra.*)

The filing of the second affidavit of J. P. Pope showing diligence is a matter within the discretion of the trial judge, and the fact that it was not filed at the time of the motion for new trial or within ten days thereafter should not prevent it from being filed thereafter and considered by the court. (*Darling v. Fremstadt,* 22 Ida. 684, 127 Pac. 674, and cases therein cited; *Stockdale v. City of Renton* (Wash.), 210 Pac. 360.)

The evidence contained in the affidavit of Roger Lewis cannot be considered merely cumulative, but is of so controlling a character as would probably lead to a different result. (C. S., sec. 6888, subd. 4; *State v. Stowe, supra; State v. Lumpkin, supra;* L. R. A. 1916C, note, pp. 1182–1194; *Oberlander v. Fixen,* 129 Cal. 690, 62 Pac. 254.)

BUDGE, C. J.—This action was brought by respondent to rescind a contract for the sale and purchase of real estate and personal property on the ground of fraudulent representations made by appellants before the contract was entered into and to recover the money paid thereon, together with damages. The cause was tried to the court without a jury. Findings of fact and conclusions of law were made and filed and judgment thereon entered in favor of appellants. A motion for new trial was duly made and granted. This appeal is from the order granting the motion for a new trial.

Six assignments of error are specified and relied upon for reversal of the order granting the motion for a new trial. We shall consider only such as we deem of sufficient importance to dispose of this appeal. The first error to be considered is the refusal of the court to strike from the record in support of the motion what is designated as the second affidavit of J. P. Pope, Esq. This particular affidavit was mailed to the trial judge some time after the hearing of the motion and was not served upon opposing counsel. However, counsel was notified by letter of the forwarding of this affidavit. Some time after the affidavit was received by the judge it was filed with the clerk and no doubt was considered by the court in passing upon the motion. Mailing an affidavit to the judge subsequently to the submission of the motion for a new trial is not commendable and had the trial court struck this affidavit from the files, its action would have been sustained upon appeal. It is within the power of the court to extend the time for the filing of affidavits in support of or in opposition to a motion for a new trial, but in the absence of such an order it is seriously questionable whether such affidavit should be considered. Since the trial court considered the additional affidavit we are not disposed, under the facts of this case, to strike it, and have given it due consideration.

The granting or refusal to grant a motion for a new trial is addressed to the sound discretion of the trial court and in the exercise of this discretion, it will not be disturbed

except in a case of manifest abuse. (*Jacksha v. Gilbert,* 4 Ida. 738, 44 Pac. 555; *Brossard v. Morgan,* 6 Ida. 479, 56 Pac. 163; *Wolfe v. Ridley,* 17 Ida. 173, 20 Ann. Cas. 39, 104 Pac. 1014; *Say v. Hodgin,* 20 Ida. 64, 116 Pac. 410.)

It is insisted that the showing made in support of the motion for a new trial is wholly insufficient and therefore the granting of the motion was an abuse of discretion by the court. The particular ground or grounds upon which the motion was granted are not stated in the court's order. As has been frequently said by this court, where a new trial is granted the trial court should set out in its order the particular ground or grounds upon which the new trial is granted; otherwise it becomes necessary to examine the entire record for the purpose of ascertaining whether or not the order can be sustained on any ground, either specified in the motion or as disclosed by the entire record. (*Buckle v. McConaghy,* 12 Ida. 733, 88 Pac. 100; *Lowe v. Long,* 5 Ida. 122, 47 Pac. 93; *Cox v. Cox,* 22 Ida. 692, 127 Pac. 679; *Sweetzer v. Mellick,* 5 Ida. 783, 51 Pac. 985; *Smith v. Wallace Nat. Bank,* 27 Ida. 441, 150 Pac. 21.) Much time and labor would be saved if this request was complied with.

We have examined the entire record and particularly the affidavits filed in support of the motion for a new trial, and have come to the conclusion that the controlling reason for granting the motion was that of newly discovered evidence, as is more particularly sought to be shown in the affidavit of one Lewis, who was present upon the premises at the time that the statements were made upon which this action was based.

It is insisted that the facts set out in the Lewis affidavit are not newly discovered evidence, but merely cumulative, and that due diligence was not used in procuring the attendance of Lewis upon the trial. From the record it appears that respondent was cognizant of the fact that a party other than himself and the appellants were upon the premises at the time the misrepresentations are alleged to have been made but he was unable to recall the name of the party, although pressed by his counsel from time to time to re-

fresh his memory in this respect. It also appears that his counsel made diligent efforts to ascertain the name of this party, who afterward turned out to be the affiant Lewis, but was unable to do so, and the first time that counsel learned the name of this party was upon the trial. It is further shown that neither counsel nor respondent knew what Lewis would testify to nor how much, if any, of the conversation he heard, but upon obtaining his name, strenuous efforts were made to locate him but they were unable to do so until after the trial. While greater diligence might have been used, we do not think there was such a lack of diligence as would justify a reversal of the order granting a new trial upon that ground.

It is strenuously insisted that the affidavit of Lewis shows that his testimony would be but cumulative or of an impeaching character and therefore insufficient to warrant the granting of a new trial. The question is a close one, but Lewis' testimony as set forth in his affidavit goes to the main point in controversy. Under the general rule evidence which is shown to be cumulative or of an impeaching character is not usually such newly discovered evidence which would warrant the granting of a new trial as is contemplated by the statute. This rule, however, must be taken in its proper sense and is not to be understood as precluding a new trial in every case where new testimony relates to a point contested in the former trial, for if it were so, a new trial would seldom, if ever, be granted in any case. It has been generally recognized by courts that a new trial should be granted for even newly discovered cumulative evidence where it is probable that the effect of such evidence would be to produce a different verdict on the retrial. Courts have even gone so far as to hold that a new trial will be granted for newly discovered cumulative evidence when it is positive and conclusive. To render the evidence subject to the objection that it is cumulative in the legal sense, it must be cumulative, not with respect to the main issue between the parties, but on some collateral or subordinate fact bearing upon that issue. (*Vickers v. Phillip Carey Co.,* 49 Okl. 231, 151

37 Idaho.—15

Pac. 1023, L. R. A. 1916C, p. 1155, and note on page 1162; *State v. De Marias,* 27 S. D. 303, Ann. Cas. 1913D, p. 154 and note on page 157, 130 N. W. 782.)

In the case of *State v. Lumpkin,* 31 Ida. 175, 169 Pac. 939, this court makes the following pertinent observation:

"And while it is true that merely cumulative or contradictory evidence, even though newly discovered, is not sufficient to require the granting of a new trial, the true test is as hitherto announced by this court in the following language: 'to entitle the defendant to a new trial upon the ground of newly discovered evidence, it must appear from the affidavits presented that the new evidence is not cumulative merely, that it is such as to render a different verdict reasonably probable upon a retrial and that the evidence could not with reasonable diligence have been discovered and produced at the trial.' (*State v. Fleming,* 17 Ida. 471–505, 106 Pac. 305, and many authorities."

We do not mean to say that the testimony as set out in the Lewis affidavit is wholly cumulative or of an impeaching nature. We think that it goes further and is vital to the main point involved in the litigation, but even though conceded to be cumulative, it is of so controlling a character as might probably change the judgment.

From what has been said it follows that the order granting a new trial should be and the same is hereby affirmed. Costs are awarded to respondent.

Dunn and Wm. E. Lee, JJ., concur.