(November 1, 1923.)

## WILL CARAVELIS and MARGARET CARAVELIS, Appellants, v. TOM CACAVAS, Respondent.

[220 Pac. 110.]

EVIDENCE—SUFFICIENCY—TESTIMONY ELICITED BY COURT—STRIKING—
REOPENING CASE — ADDITIONAL EVIDENCE — NEW TRIAL — NEWLY
DISCOVERED EVIDENCE—LIKELIHOOD OF CHANGE IN RESULT—REA-
SONABLE DILIGENCE—DISCRETION OF LOWER COURT—ABUSE.

1. Evidence examined and *held* sufficient to sustain judgment.

2. Reversible error cannot be predicated on action of trial judge in striking answers of witness to questions put by him, where substantially the same testimony was given in answer to questions of counsel.

3. Error cannot be predicated on refusal to reopen case for additional evidence after close of trial. Remedy is motion for a new trial.

4. A new trial will not be granted on ground of newly discovered evidence unless it appears reasonably probable that a different judgment would result.

5. Where one of two litigants, jointly interested, knew before the trial that a person, alleged to be a newly discovered witness, had knowledge of the transaction upon which the action is based, reasonable diligence is negatived.

6. An order denying a new trial should be reversed only upon clear showing of abuse of discretion.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action to adjudge deed a mortgage. Judgment for defendant. *Affirmed.*

Roy L. Black and F. M. Bistline, for Appellants.

The evidence is insufficient to support the findings of fact, conclusions of law and judgment entered thereon. (23 C. J. 40.)

The newly discovered evidence was material and sufficient to demand a new trial. (*Wood Live Stock Co. v. Woodmansee,* 7 Ida. 250, 61 Pac. 1029; *McAllister v. Bardsley,* 37 Ida. 220, 215 Pac. 852; *State v. Lumpkin,* 31 Ida. 175, 169 Pac. 939; *Vickers v. Philip Carey Co.,* 49 Okl. 231, 151 Pac. 1023, L. R. A. 1916C, 1155, and notes on pages 1162, 1194 and 1198; *State v. DeMarias,* 27 S. D. 303, Ann. Cas. 1913D, 154, and note on page 157, 130 N. W. 782; *Adams Oil Co. v. Stout,* 19 Ky. Law Rep. 758, 41 S. W. 563; *Brennan v. City of Seattle,* 39 Wash. 640, 81 Pac. 1092; *Means v. Yeager,* 96 Iowa, 694, 65 N. W. 993; *Boggess v. Read,* 83 Iowa, 548, 50 N. W. 43; *Murray v. Weber,* 92 Iowa, 757, 60 N. W. 492; *City of Des Moines v. Frisk,* 176 Iowa, 702, 158 N. W. 590; *State v. Evans,* 98 Or. 214, 192 Pac. 1062, 193 Pac. 927; *Lee v. Braggman,* 39 S. D. 175, 162 N. W. 788; *Johnson v. Commonwealth,* 126 Va. 770, 101 S. E. 341; *King v. Beaumier,* 26 Wyo. 35, 174 Pac. 612; *Spencer v. State* (Tex. Cr.), 153 S. W. 858, 46 L. R. A., N. S., 911.)

Jones, Pomeroy & Jones, for Respondent.

The granting or denying of a new trial is in the sound discretion of the court. (*Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962.)

An appellate court will not disturb the judgment of a trial court because of conflict in the evidence when there is sufficient proof if uncontradicted to sustain it. (*Sweeten v.*

*Ezell,* 30 Ida. 154, 163 Pac. 612; *Davenport v. Burke,* 27 Ida. 464, 149 Pac. 511; *Lambrix v. Frazier,* 31 Ida. 382, 171 Pac. 1134.)

The affidavits on a motion for a new trial on the ground of newly discovered evidence must contain the facts which show the use of reasonable diligence to discover such evidence before trial, and a mere assertion that all reasonable diligence was used is insufficient. (*Wilkes v. Wolback,* 30 Kan. 375, 2 Pac. 508; *Pinschower v. Hanks,* 18 Nev. 99, 1 Pac. 454; *Twine v. Kilgore,* 3 Okl. 640, 39 Pac. 388; *Amonson v. Stone,* 30 Ida. 656, 167 Pac. 1029.)

Newly discovered evidence, which would not be decisive upon another trial, is insufficient to require a reversal and order for a new trial. (*Turner v. Stevens,* 8 Utah, 75, 30 Pac. 24; *Clements v. Stapleton,* 136 Iowa, 137, 113 N. W. 546; *Wilson Exr. v. Keckley,* 107 Va. 592, 59 S. E. 383; *Baumgarten v. Hoffman,* 9 Utah, 338, 34 Pac. 294.)

"Evidence known to one of the joint parties is not newly discovered evidence." (*Lee Kinsey Imp. Co. v. Jenks,* 13 Colo. App. 265, 57 Pac. 191.)

McCARTHY, J.—This action was brought by appellants Caravelis against their nephew, respondent Tom Cacavas, for the purpose of obtaining a decree declaring a warranty deed for 160 acres of land near Pocatello, executed by them to him, to be a mortgage. From a judgment for respondent and an order denying the motion for a new trial this appeal is taken. The principal assignments of error and the only ones which we will specifically mention are (1) that the evidence is insufficient to support the findings and judgment of the court to the effect that the deed was intended to be an absolute conveyance and not a mortgage, (2) error in sustaining a motion to strike part of the witness Valentine's testimony, (3) error in denying appellants' motion to reopen the case for the introduction of newly discovered evidence of M. E. Hughes and Gust Babalis, and (4) error in denying appellants' motion for a new trial on the ground of newly discovered evidence.

"In a suit in equity, as well as in an action at law, a finding of fact made by the trial judge, who has had the benefit of observing the demeanor of witnesses upon the stand and of listening to their testimony, will not be disturbed, because of conflict, if the evidence in support of the finding, if uncontradicted, is sufficient to sustain it." (*Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481; *Lambrix v. Frazier,* 31 Ida. 382, 171 Pac. 1134; *Harvey v. Brett,* 36 Ida. 126, 209 Pac. 209; *Bedal v. Smith,* 36 Ida. 797, 214 Pac. 213.) The testimony of respondent, if uncontradicted, would be sufficient to sustain the findings and judgment. It is true that both appellants and two of respondent's brothers contradicted him, testifying to facts tending to prove that the deed was intended as a mortgage. The preponderance of evidence does not, however, depend upon the mere number of witnesses. We have carefully examined the entire record. No useful purpose would be served by a detailed analysis of the evidence. Suffice it to say that there is sufficient evidence, within the meaning of the well-established rule above quoted, to sustain the findings and judgment.

The witness Valentine was asked to state a conversation which occurred between himself and respondent in regard to the transaction. There seemed to be some doubt in the mind of the trial judge as to whether the witness was giving the substance of the conversation or merely his own impression. Therefore the judge examined the witness himself. At the conclusion of this examination he struck all of the testimony elicited by his own questions on the ground that it proved the witness' own deductions rather than any specific conversation. However, practically every answer that the witness gave to the judge's questions is substantially covered by answers given to the attorneys upon direct and cross-examination, and it is perfectly clear that only the answers given to the judge's questions were stricken. We conclude that the action of the court in striking the answers elicited by the judge cannot be held to be prejudicial or reversible error.

The motion to reopen the case was made some time after the close of the trial, after the court had given consideration to the case and was apparently about ready to decide it. Exactly the same questions are raised by the motion for a new trial. Under these circumstances it could not be reversible error for the trial court to refuse to reopen the case. Even if the evidence were newly discovered within the meaning of our statute, and the failure to discover it before were not attributable to any lack of diligence on appellants' part, nevertheless the orderly procedure was to enter judgment, and permit the matter to be raised on a motion for a new trial.

On the trial at least four witnesses testified that respondent stated to them the deed was not intended as an absolute conveyance but as a mortgage. In support of a motion for a new trial appellants produced the affidavits of M. E. Hughes and Gust Babalis who both swore that respondent made similar statements to them, and that they did not inform appellants of this before the trial. Respondent insists that this evidence, even if newly discovered, could not be ground for a new trial because it is purely cumulative. Appellants, on the other hand, contend that the newly discovered evidence does not pertain to some collateral or incidental matter, but goes to the very gist of the case. They also contend that it is of a different grade or character in that the evidence produced upon the trial was that of the appellants, who are interested parties, and that of respondent's two brothers, who were shown to be hostile to him, while the newly discovered evidence is that of disinterested, impartial witnesses not shown to be hostile to respondent. The granting of a new trial upon the ground of newly discovered evidence is largely a matter of discretion, in the exercise of which this court will not disturb the order of the trial court, except in case of abuse clearly disclosed by the record. (*State v. Fleming,* 17 Ida. 471, at 505, 106 Pac. 305; *Seamons v. Davis,* 34 Ida. 393, 201 Pac. 716; *Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962.) A new trial should not be granted upon that ground unless it appears reason-

ably probable that a different judgment would result. (Ibid.) This court and most other courts have held that, as a general rule, a new trial should not be granted upon the ground of newly discovered evidence which is merely cumulative. This, however, is not a principle of law, but merely a working rule. The principle is the one above set forth, viz., that a new trial should not be granted on the ground of newly discovered evidence unless it reasonably appears that a different result would be reached upon the retrial. The courts conclude that, as a general rule, a different result would not be reached where the newly discovered evidence is purely cumulative. This court has held, however, that a new trial should be granted even where the evidence is cumulative, if it is of so controlling a character as to probably change the result. (*State v. Lumpkin,* 31 Ida. 175, 169 Pac. 939. See, also, *McAllister v. Bardsley,* 37 Ida. 220, 215 Pac. 852.)

C. S., sec. 6888, subdiv. 4, provides that a new trial may be granted upon the ground of "newly discovered evidence material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial." (*Hall v. Jensen, supra; State v. Lumpkin, supra; State v. Fleming, supra; McAllister v. Bardsley, supra.*) As counter-affidavits on the motion for a new trial, respondent submitted those of C. W. Pomeroy and D. D. Mote, two of his attorneys, who swore that on a certain occasion, in the courthouse, in the presence of themselves and others, appellant Will Caravelis stated that the other appellant, his wife, had informed him that the affiant M. E. Hughes had told her, either in the latter part of 1915 or early part of 1916, that the said Hughes had had a conversation with respondent about that time in regard to the nature of the transaction, as a result of which the property was conveyed. Appellants submitted in rebuttal the affidavits of William Edens, one of their attorneys, and of appellant Will Caravelis, to the effect that, at the time referred to by affiants Pomeroy and Mote, said appellant stated that his wife said to him after the trial that she

had had a talk with Mr. Hughes in 1915 or 1916 in which he said he had heard about the deal, but did not tell her of any facts that he knew concerning the transaction. It is established by these affidavits, however, without any conflict, that Hughes told appellant Margaret Caravelis in 1915 or 1916, before the trial, that he had had a conversation with Tom Cacavas about the transaction upon which the action is based. This was sufficient to put appellants upon notice that he might be a material witness. It casts upon them the burden of satisfactorily explaining why they did not produce Hughes as a witness on the trial. Such an explanation they failed to make. Granting, for the sake of argument, that appellant Will Caravelis did not know about Hughes until after the trial, his wife did. As she is also an appellant and jointly interested with him in the result of the trial, her negligence is his. The upshot of the matter is that appellants did not show that they could not with reasonable diligence have discovered and produced the witness Hughes at the trial. At least the trial court did not abuse its discretion in taking that view of it.

There is no proof that the appellants, or either of them, knew of the witness Babalis before the trial. His affidavit is directly contradicted by respondent's. Does it appear probable that the additional testimony of this one witness would cause a different result upon a retrial? This question, like all others arising upon a motion for a new trial, is for decision by the trial court in the first instance. We are not convinced that that court abused its discretion by deciding this question in the negative.

It does not clearly appear from the record that the trial court abused its discretion in denying the motion for a new trial. The judgment is affirmed, with costs to respondent.

Budge, C. J., and Dunn, William A. Lee and Wm. E. Lee, JJ., concur.