(No. 6222.   June 28, 1935.)

STATE, Respondent, v. FAY COX and OSCAR COX, Appellants.

[46 Pac. (2d) 1093.]

Chas. A. North and W. L. Dunn, for Appellants.

Bert H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

AILSHIE, J.—Appellants were arrested and accused of the crime of grand larceny committed on August 27, 1933, in Twin Falls County, the information charging the theft of a "long yearling steer, then and there the personal property of M. L. Perkins." Trial in the district court resulted in a verdict of guilty and judgment was pronounced accordingly. Motion for new trial was denied. Two separate appeals were taken by defendants, one from the judgment of conviction, the other from the order denying motion for a new trial.

Great stress is placed upon appellants' first assignment of error that "the evidence is insufficient to sustain the verdict." The evidence which is chiefly circumstantial is analyzed in detail in appellants' brief and its alleged insufficiency is insistently urged. In view of the conclusions we have reached in relation to rulings of the court on questions of law, it will not be necessary for us to pass upon the sufficiency of the evidence, and since a new trial will be granted we refrain from expressing any opinion as to its weight or sufficiency.

It is contended that the court erred in denying motion of defendants for new trial which was predicated on newly discovered evidence as embodied in the affidavit of one J. C. Tooth. It appears from this affidavit that on the late afternoon of August 27th Tooth was driving eight head of steers from his pasture south of Oakley in Cassia County, to his ranch near Eden, in Jerome County, which necessitated his crossing the Snake River with these cattle by way of what is known as the Murtaugh grade and bridge. The animal alleged to have been stolen had been running in a pasture in Snake River canyon by which the road runs,

and it was the state's contention that it was stolen from and returned to the canyon pasture the night of August 27th. Near the bridge Tooth observed four head of cattle, one of which was very similar in description to the steer it is alleged was stolen. When near the bridge these cattle mixed with affiant's cattle; whereupon he cut them out from his herd but two head followed and joined his herd and he was unable to cut them out and finally at the top of the grade north of the river affiant roped one of them, which was a Holstein steer (same breed as one claimed to have been stolen), and " 'fair-grounded' him twice, and that is to say, after roping said steer affiant threw the rope down over his rump and run by him and he didn't stay down, when I threw the rope down over his rump a second time and run by him again at which time he stayed on the ground, when affiant got off his horse, took his rope off from said steer and run them back into the canyon using said rope in whipping the two said steers back into said canyon, whereupon affiant proceeded on his way with his eight head of steers to affiant's ranch.''

It appears that Tooth did not think of this having any bearing on defendants' case and did not communicate the information until after the trial, at which time he was in conversation with some of his neighbors and told of the incident, which information was later communicated to the defendants. It is contended by the state that this evidence is merely cumulative and would not justify granting a new trial. In this respect we think counsel are in error. This was *new* and *independent evidence* and had a direct bearing on two questions: In the first place it could have accounted for the *rope marks on the Holstein steer* and in the second place it had a direct bearing on the presence of the steer at the pasture gate where Fike and Hranac found him. If such evidence had been introduced upon the trial it would have been the only evidence accounting for the rope mark on the animal as well as the only evidence accounting for the presence of the steer at the gate at the time it was found. It would have also tended to disprove

the presence of the steer at the Cox farm early the same evening. If such testimony had been introduced and believed by the jury, it is highly probable that it would have materially affected their verdict. In view of the circumstantial and, in some respects, speculative character of the evidence on which the conviction was predicated, we think it was error on the part of the trial court to deny the motion for new trial in the face of these statements from an apparently reliable and trustworthy citizen. (*State v. Lumpkin*, 31 Ida. 175, 169 Pac. 939; *McAllister v. Bardsley*, 37 Ida. 220, 226, 215 Pac. 852; *Caravelis v. Cacavas*, 38 Ida. 123, 128, 220 Pac. 110.)

While the defendant Oscar Cox was on the witness-stand testifying, Fay Perkins, wife of the complaining witness, who was seated back in the courtroom, made the outcry: "Oscar Cox, you lie!" Whereupon the trial judge required her to come forward and caused her to be seated in the front part of the courtroom facing the jury. The trial thereupon proceeded. No request was made by defendant to have the jury instructed or admonished in reference to this incident nor to have Mrs. Perkins admonished or reprimanded for her conduct, and no exception was taken. The incident is assigned upon this appeal as prejudicial error. While the conduct of the witness was improper and merited reprimand, nevertheless for the reasons above stated there are no questions presented to this court for our consideration under this specification. (*State v. Chacon*, 36 Ida. 148, 209 Pac. 889; *State v. Baker*, 28 Ida. 727, 156 Pac. 103; *State v. Fox*, 52 Ida. 474, 497, 16 Pac. (2d) 663; *State v. McClurg*, 50 Ida. 762, 795, 300 Pac. 898.)

Defendants in attempting to explain their presence on the highway on the night in question offered evidence showing that they were going to the residence of a Mr. Hartley to take care of a dishonored check and then introduced the probate judge of Twin Falls County to show the urgent necessity for their doing so because the check was in the hands of the prosecuting attorney who had filed a

criminal charge against one of the defendants because of lack of funds in bank to pay the check. Error is now assigned against the action of the court in permitting the state to cross examine the Probate Judge and to introduce the check and the probate record showing the misdemeanor charge. Defendant opened up the subject himself and there was no error in allowing the state to cross examine the witness. The check and the probate record did not add anything new or anything more prejudicial than had been brought out by the defendant himself.

■ Appellants insist that it was prejudicial error for the court to give Instruction No. 16a to the jury as follows:

"You are instructed that in a prosecution for larceny, return by the accused of the stolen property to its owner is not a defense."

It is conceded that this instruction correctly states the law on the subject. The complaint, however, made against it is that as given it assumed that the property had been stolen; that defendants returned the property and that defendants were relying on the return of the property as a defense; while, as a matter of fact, all of these assumptions were denied and controverted by the defendants. The defendants of course denied that the property in question had been stolen by them or anyone else, and denied that they had ever been in possession of the animal or had returned it; and the record is clear that they never at any time offered or relied on the defense of having returned the property.

The trouble with this instruction lies in the assumptions it carries with it. Here is a case where the evidence is practically all circumstantial. The fact that a theft had been committed is highly circumstantial and is strongly controverted by the defendants. If the animal was ever actually taken by the defendants, their possession of it could have only lasted for a few hours at most. Its absence from the pasture was never discovered by the owner or positively established by any other witness. The only evidence of asportation is the testimony of Hranac and

Fike, who claimed to have identified the animal by flash-light and auto headlight when they saw what they claimed to have been this animal in a trailer.

In view of the circumstantial and conjectural character of the evidence on which the conviction is predicated in this case, we are not able to say that the defendants were not prejudiced by the foregoing instruction. It rather seems probable that they were. It was error to assume the *corpus* of the crime in giving the instruction. (*State v. Williams,* 36 Ida. 214, 209 Pac. 1068; *State v. Hines,* 43 Ida. 713, 254 Pac. 217; *State v. Stewart,* 46 Ida. 646, 270 Pac. 140.) The fact that other instructions covered the question, as to the necessity for proving the defendants guilty beyond a reasonable doubt, and stated to the jury the general rules by which their deliberations were to be governed in determining the weight and credibility of the evidence, both positive and circumstantial, was not enough to correct the error involved in the giving of this isolated, independent instruction. In other words, the error in an instruction, which assumed the theft of the animal and that defendants had returned it, was not neutralized by the general rule that the instructions should be considered as a series or whole. (*People v. Feinberg,* 237 Ill. 348, 86 N. E. 584.)

Appellants' assignments IV, V and VI are directed against alleged rulings of the court in admitting evidence of the activities of certain witnesses in anticipation of cattle thefts, also in relation to tire tracks and footprints at the pasture gate, also relative to prior reports of the loss of cattle in the community. Neither in the specifications nor in the argument are any references made to any specific ruling of the court to which objection is made, nor are we given any folio numbers to which we can refer. For these reasons we are giving no consideration to these specifications of error. (Rule 42 of Supreme Court; *Morton Realty Co. v. Big Bend etc. Co.,* 37 Ida. 311, 218 Pac. 433; *Smith v. Wallace Nat. Bank,* 27 Ida. 441, 447, 150 Pac. 21;

*Kralick v. Shuttleworth,* 49 Ida. 424, 436, 289 Pac. 74; *Bain v. Olsen,* 39 Ida. 170, 226 Pac. 668.)

■ ■ Appellants insist that the trial court committed error in giving that part of Instruction No. 7 which reads as follows:

"While circumstantial evidence, to be sufficient, must create more than a suspicion of guilt, a mere possibility of innocence will not prevent a conviction where the conclusion or inference of guilt is such as to satisfy you beyond a reasonable doubt of the guilt of the accused. *The conclusion of guilt need not necessarily follow from the circumstances in evidence, but may be obtained therefrom by probable deductions;* and you are not required to adopt an unreasonable theory of innocence nor to give to circumstances a strained or artificial construction in determining whether they are consistent with innocence."

Appellants insist that the instruction is misleading and confusing and that the italicized portion thereof was erroneous when given to a jury for its direction in the consideration of circumstantial evidence. The state points out on the other hand that the italicized portion of this instruction is a quotation from the opinion of this court in *State v. Dawn,* 42 Ida. 210, 213, 245 Pac. 74. It is true that the instruction here objected to is taken from the opinion in the Dawn case but reference to the opinion will disclose that this in turn was simply a quotation from 16 C. J., sec. 1566, p. 762, and was not quoted in approval of an instruction but rather on the subject of admissibility and weight to be given circumstantial evidence. The particular paragraph here involved had no special bearing on or application to the particular subject there under consideration. Besides it should be remembered that a correct abstract principle of law may be wholly erroneous and prejudicial in a case where it has no application to the facts involved. We think the clause contained in the foregoing instruction reading, *"The conclusion of guilt need not necessarily follow from the circumstances in evidence, but may be obtained therefrom by probable deductions,"* is open to the

objection that it is confusing, argumentative,—and in a measure contradictory in terms. A defendant cannot be legally convicted on "probable deductions." The italicized portion of the instruction should be omitted.

Complaint has also been made against Instruction No. 4 given by the court on the subject of reasonable doubt. We have carefully examined this instruction and find no prejudicial error therein. It is true that it is in a measure open to the criticism that was made of an instruction in *State v. Marren,* 17 Ida. 766, 787, 107 Pac. 993, that it was argumentative and somewhat involved. We have examined the other assignments of error, as to instructions given and requested instructions refused, and find no error in the action of the court that we consider prejudicial.

For the reasons hereinabove set forth, the judgment is reversed and new trial is granted.

Givens, C. J., and Budge, Morgan and Holden, JJ., concur.