**FOSSE v. UNITED STATES.**

No. 6169.

Circuit Court of Appeals, Ninth Circuit.

Nov. 24, 1930.

George B. Grigsby and Harry G. McCain, both of Ketchikan, Alaska, and Rob-

ert W. Jennings, of Sacramento, Cal., for appellant.

Howard D. Stabler, U. S. Atty., of Juneau, Alaska, and Geo. J. Hatfield, U. S. Atty., and Raymond H. Schubert, Asst. U. S. Atty., both of San Francisco, Cal.

Before RUDKIN and WILBUR, Circuit Judges, and JAMES, District Judge.

WILBUR, Circuit Judge.

The appellant was charged in two separate indictments with two distinct crimes of larceny from a vessel alleged to have been committed on the night of the 13th of February, 1929. One indictment charged him with taking five skates of 48-pound hemp halibut gear, two 25-pound anchors, 200 fathoms 9-thread buoy line, belonging to Edward Lawler, from the fishing vessel Anna J., and the other indictment charged him with taking two skates of halibut gear, one canvas buoy bag, and 125 fathoms of 9-thread buoy line belonging to Hans Hansen, from the fishing boat Flattery. In each indictment it was alleged that the property was of a value of more than $35. The punishment for the theft of property exceeding $35 in value, under the Compiled Laws of Alaska 1913, § 1921, is not less than one year nor more than ten years. If the property does not exceed the value of $35, the punishment fixed therefor is not less than one month nor more than one year in the county jail or by fine of not less than $25 nor more than $100. Theft from a boat, however, under section 1922 of the Compiled Laws of Alaska 1913, is imprisonment in the penitentiary not less than one nor more than seven years. The charges made in the two indictments were tried together. The appellant was found guilty on both indictments and sentenced to fourteen months' imprisonment in the penitentiary, the sentences to run concurrently.

On the 15th of February the United States Marshal, acting under search warrant, seized certain fishing gear found in the hold of the fishing boat Margaret, belonging to the appellant. This fishing gear and property so seized was produced in court and was identified by the witnesses for the prosecution as that stolen from the Anna J. and the Flattery on the night of the 13th of February. There were no particular identifying marks upon the gear or property, but it was identified by some peculiarities with reference to the splicing

fastening the hooks and by the color of the paint used on the canvas buoy bag. One of the two anchors was identified by certain hammer marks made in forging the anchor. The defendant testified that the fishing gear had belonged to him for more than a year, having been acquired at the time he purchased and operated other fishing vessels, and testified that the seven skates of halibut gear taken from his vessel, the Margaret, had been stored in his woodshed at his home from September of the previous year until it was taken on board the Margaret on the 13th of February. He was corroborated in his testimony by his wife and his three sons and by a seaman and fisherman who was on board the Margaret at the time the fishing gear was seized and who had worked with the appellant the previous fishing season. The defendant did not testify positively that the fishing gear produced in court as having been seized upon the search warrant was his gear, and did not attempt to identify it by any particular markings thereon, but stated that, if the gear was that seized on his boat, it was his gear, and had belonged to him long before the previous September. There is no direct evidence whatever of the larceny. The testimony relied upon for conviction is the statement by the witnesses for the prosecution as to the unauthorized removal of certain personal property from the respective boats and the identification of the property seized on the appellant's boat, the Margaret, as the property unlawfully removed from the fishing vessels mentioned in the indictments.

At the trial evidence was introduced as to the value of the property stolen from the Flattery as $41; the property stolen from the Anna J. was not valued by witnesses, but at the price fixed for a skate of halibut gear the value would have exceeded $35. However, during the trial, although the district attorney attempted to show the value of the property stolen, it was objected to by the defendant as immaterial, and the court instructed the jury to find the defendant guilty if they found that he had stolen any part of the property taken from the respective vessels. In view of the fact that the punishment fixed by the court exceeded that fixed by the law for stealing property valued at less than $35, the judgment can only be sustained upon the theory that the property was stolen from a vessel. The pertinence of these observations will appear presently.

The defendant bases his appeal upon the alleged error of the court in giving three instructions. The first instruction complained of by the appellant is as follows:

"Second. That at said time and place the defendant either by himself or in conjunction with someone else took the property alleged in the indictment, or some part thereof * * * with intent," etc.

It is claimed that there is nothing in the evidence to justify the clause in the instruction "or in conjunction with someone else." It is claimed that there is no evidence tending to show that the appellant aided or abetted any one else in the commission of crime, and that this instruction tended to leave the inference with the jury, even though the evidence might not show that the defendant stole the property or might have done the same by acting in conjunction with some other person, with which he is not charged.

According to the Code of Alaska (Compiled Laws of Alaska 1913, §§ 2067, 2167), the distinction between the principal and accessory before the fact in cases of felony is abolished, and in cases of either a felony or misdemeanor a person who aids and abets in the commission of the crime is a principal, to be tried and punished as such. There was no direct evidence that the defendant personally removed the stolen property. The case is predicated upon his possession thereof, and that possession, if guilty, was entirely consistent with the theory that the defendant was acting in conjunction with some one else who actually transported the property. Under these circumstances the instruction was entirely proper.

The defendant assigns as error giving the following instruction by the trial court:

"You are instructed that possession of property which has recently been stolen justifies the inference that the possession is guilty possession and though only prima facie evidence of guilt may be of controlling weight unless explained by the circumstances or accounted for in some way consistent with innocence.

"In this case there is no evidence explaining in any way the possession by the defendant of the property alleged to have been stolen from either the gas boat Flattery or the gas boat Anna J., but the defendant denies the possession by him of any property taken from said boats. Whether or not the fishing gear and other articles alleged to have been stolen were in the possession of the defendant on the gas power boat Margaret the night of February 15, 1929, when certain gear and other articles alleged to have been stolen were removed therefrom by the deputy United States Marshal, therefore becomes the vital question for your determination."

The first sentence of this instruction is an exact quotation from the opinion of the Supreme Court in Wilson v. U. S., 162 U. S. 613, 619, 16 S. Ct. 895, 40 L. Ed. 1090, but it is always a dangerous practice to instruct a jury in the language of an opinion which is formulated for the purpose of informing the legal profession and the public of the grounds of the action of the appellate tribunal rendering the opinion. Appellate courts have frequently called attention to this danger. Rosander v. Market St. Ry., 89 Cal. App. 710, 265 P. 536, 537, 540. This method of instructing a jury in the language of an opinion is particularly liable to result in error in those jurisdictions such as Alaska, where the trial judge is prohibited from instructing the jury with reference to the facts. Sections 1023, 2266, Comp. Laws of Alaska 1913; Dolan v. U. S. (C. C. A.) 123 F. 52. The question of the evidentiary value of the discovery of recently stolen property in the possession of an individual is one upon which the courts of the country are divided. All agree that such evidence is admissible. Some hold that such possession, without adequate explanation, is sufficient to sustain a conviction by a jury. Some hold it is proper to so instruct a jury, and others hold that such an instruction is an invasion of the province of the jury, particularly in those states where the judge is prohibited from expressing an opinion on the facts in an instruction to a jury. See 36 C. J. 937, § 563 to § 570, and notes; Underhill on Evidence, § 573, and notes; State v. Powell, 61 Kan. 81, 58 P. 968; Randall's Instructions to Juries, § 195, p. 379, §§ 3321–3323, pp. 3648–3656, id. 861; Wigmore on Evidence, vol. 5, §§ 2491, 2494; Elliott on Evidence, vol. 4, §§ 2725, 3058, 2918. The instruction above quoted informed the jury, in effect, that the possession of recently stolen property overcomes the presumption of innocence, and that this presumption of guilt can only be overcome by some explanation "consistent with innocence." The jury are also informed that there is no evidence explaining in any way the possession of the property alleged to have been stolen. They are also informed that the defendant de-

918

nies the possession by him of any of the said property so taken. The last sentence of the instruction is particularly objectionable, as it uses the phrase "alleged to have been stolen" with two different meanings. It is first used to describe the property taken from the boats Flattery and Anna J., and it is used a second time in that sentence to describe the property taken from the appellant's boat Margaret by the officers executing the search warrant. Without any qualification, this would, in effect, instruct the jury that the property stolen was found on the Margaret, and that, as no explanation of that fact had been made, the jury should convict. This, of course, was not the intent of the trial court, as shown by the concluding phrase, "therefore becomes the vital question for your determination." Some courts have sustained instructions informing the jury that there was a presumption of guilt where the accused is unable to explain his possession of recently stolen property, even in states where the judge is prohibited from charging the jury on the facts. Such possession is merely a circumstance tending to show guilt, and to instruct a jury that such evidence is prima facie proof of guilt, and, unless satisfactorily explained, may be of controlling weight, is clearly erroneous under the law of Alaska, which prohibits a judge from instructing a jury with reference to the facts. In People v. Chambers, 18 Cal. 383, the Supreme Court of California discusses this matter, and quotes with approval from Greenleaf on Evidence, vol. 3, § 31, as follows:

"It is well settled that the possession of the fruits of a crime is a circumstance to be considered in determining the guilt of the possessor, but the authorities seem to hold that this circumstance is not of itself sufficient to authorize a conviction. 'The real criminal,' says Greenleaf, 'may have artfully placed the article in the possession or on the premises of an innocent person, the better to conceal his own guilt; or it may have been thrown away by the felon in his flight, and found by the possessor, or have been taken from him in order to restore it to the true owner, or otherwise have come lawfully into his possession.' (3 Greenl. Ev. sec. 31.) Our sense of justice would revolt at the idea of convicting a person under such circumstances; but it is obvious that if the mere possession is sufficient to convict, the innocent are as likely to suffer as the guilty. There are many cases in which

an explanation would be impossible; and in such cases to throw the burden of explanation upon the accused would be to slam the door of justice in his face. We think the true rule upon the subject is that laid down by Greenleaf in the section referred to. 'It will be necessary,' says he, 'for the prosecutor to add the proof of other circumstances indicative of guilt in order to render the naked possession of the thing, available toward a conviction.' "

Let us look at the case at bar in the light of the above suggestion of Mr. Greenleaf as to the possibility of the deposit of stolen property on the premises of an innocent person. The appellant testifies that on the 13th of February he placed on his fishing boat Margaret seven skates of halibut gear; that he had owned this gear for many months; that it has been stowed in his woodshed ever since the preceding September. In this he is corroborated by five witnesses, definitely and in detail. That night (February 13th) seven skates of similar gear had been stolen, two from one fishing boat and five from another. The gear stolen on the night of February 13th is similar in general appearance to all other halibut gear used in the vicinity; only by close inspection could the fact be ascertained that the method of splicing and of securing the hooks of the stolen gear was unusual. Upon such a close inspection the owners of the stolen gear were able to satisfy the jury that the gear found on the Margaret was theirs. The appellant did not identify the gear found by the marshal on his vessel as his own, nor did any of his witnesses. He testified that, if the gear taken off his vessel on the search warrant was the gear he had placed thereon, it was his. He said he was unable to identify as his the stolen gear produced in court. The evidence disclosed that the accused had served a term in the penitentiary at Walla Walla. Apparently all the boats involved were unguarded and equally accessible at the wharves. If we assume that some third person desired to acquire seven skates of halibut gear by theft, and escape the consequence of his act, it was as easy for him to substitute the stolen gear for that on the Margaret as to take the gear from the two other fishing vessels in the first instance. This would not only direct suspicion toward an ex-convict, but assure his conviction on the circumstantial evidence and instruction above stated. We make no suggestion as to the guilt or innocence of the appellant,

but he was entitled to a consideration of every reasonable hypothesis in favor of his innocence, as the court elsewhere instructed the jury. The above considerations make it clear, we think, that it was error to inform the jury that the "vital question for their determination" was as to the ownership of the property found on the Margaret. In this discussion we have not overlooked the theft of two anchors and some other gear. The defendant testified that he owned similar gear, which was on his boat Margaret. It was undisputed that he had been engaged in halibut fishing for five years at Ketchikan, and he testified that he had been fishing since 1910, and therefore before the alleged theft he must have used gear similar to that stolen.

For the error in giving the above-quoted instruction, the judgment is reversed.