James Calvin WIDERMYRE, Appellant,.

v.

STATE of Alaska, Appellee.

No. 243.

Supreme Court of Alaska.

Jan. 8, 1963.

James K. Tallman of Bell, Sanders & Tallman, Anchorage, for appellant.

James C. Merbs, Dist. Atty., Clyde C. Houston, Asst. Dist. Atty:, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

A jury convicted defendant-appellant of larceny of one-half pint of whiskey from the Brown Jug Liquor Store in Anchorage while a clerk was on duty. The conviction is based on an indictment found under an Alaska statute making larceny in any dwelling house, banking house, office, store, shop, etc., a felony.[1]

Appellant's various arguments in support of this appeal are summarized as follows:

(1) Alaska's simple larceny statute provides that where the value of the goods taken is less than $100, the crime shall be treated as a misdemeanor.[2] The retail value of the whiskey in this case was $1.39, therefore the crime should have been treated as a misdemeanor.

(2) That section 65–5–42 A.C.L.A.1949 should be construed as applying only to

---

1. Section 65–5–42 A.C.L.A.1949 states:

"Larceny in building, etc. That if any person shall commit the crime of larceny in any dwelling house, banking house, office, store, shop, or warehouse, or in any ship, steamboat, or other vessel, or shall break and enter in the night or day time any church, courthouse, meetinghouse, town house, college, academy, or other building erected or used for public uses, and commit the crime of larceny therein, such person, upon conviction thereof, shall be punished by imprisonment in the penitentiary not less than one nor more than seven years. [CLA 1913, § 1922, CLA 1933, § 4801.]"

2. Section 65–5–41 A.C.L.A.1949, as amended by S.L.A.1955, ch. 61.

larcenies which were classed as felonies under the common law.

(3) That when the value of the whiskey had been established the court should have

    (a) quashed the indictment, or granted a judgment of acquittal, or

    (b) instructed the jury that it could find the defendant guilty of the lesser included offense of petty larceny.

(4) That section 65–5–42 was intended to apply only when the larceny was from the "custody of a building"; that the larceny in this case occurred while the store was open for business and the goods were in the custody of the clerk on duty.

Appellant's arguments can not prevail.

The statute in question came to Alaska in 1884 from the laws of Oregon.[3] Its wording remains the same today as when it was adopted for Oregon in 1864. The same statute survived amendment in Oregon until 1959.[4] The only Alaska case which mentions section 65–5–42 is Fosse v. United States [5] wherein the court stated that theft from a boat, regardless of the value of the property taken, was punishable as a felony.

In State v. Savage [6] the courts of Oregon, construing an identical statute, held that larceny of goods in a building was punishable by imprisonment in the penitentiary for not less than one nor more than seven years, regardless of the value of the property taken. The court commented that the grade of the offense was not measured by value, nor by the penalty imposed for the violation of the property rights of another, but was determined by the circumstances aggravating the taking. Oregon has adhered to this interpretation.[7]

We agree with the authorities just mentioned. Our simple larceny statute (now S.L.A.1955, ch. 61) became the law of Alaska at the same time section 65–5–42 became effective. Both statutes were enacted to serve separate purposes. Section 65–5–42 has the purpose of treating any larceny committed in any dwelling house, banking house, office, store, shop, etc., as aggravated. The value of goods taken is not intended to be a factor by which to determine whether a particular theft is a felony or a misdemeanor. All larcenies committed on the premises mentioned are classified as serious offenses against society and as felonies. The statute can not logically be construed as being applicable only to larcenies from unoccupied buildings.

It is not possible to construe section 65–5–42 under any of the theories advanced by appellant so as to give it the effect of a shoplifting statute. It is possible, as appellant argues, that unusually severe sentences could result from particular prosecutions under this statute, but this is not inevitably so. The Alaska legislature recognized the need for a shoplifting statute and enacted one in 1962 [8] subsequent to the commission of the offense herein.

The judgment is affirmed.

3. Section 548 of the Laws of Oregon, Oct. 19, 1864 contained identical language and later became § 1764 of Hill's Annotated Laws of Oregon of 1887 and 1892. When the Act of May 17, 1884, ch. 53, 23 Stat. 25 was passed adopting the laws of Oregon for Alaska, it became the law of Alaska. The Act of March 3, 1899, ch. 429, § 42, tit. I, 30 Stat. 1258, specifically enacted it as the law of Alaska. Since that time it has been variously identified as § 42 of the Penal Code of Carter's Annotated Alaska Codes of 1900, as § 1922 of the Criminal Code, Compiled Laws of the Territory of Alaska 1913, as § 4801 of the Compiled Laws of Alaska 1933 and lastly as § 65–5–42 A.C.L.A. 1949.

4. See Ore.Rev.Stat. § 164.320 and State v. Grinolds, note 7, infra.

5. 44 F.2d 915 (9th Cir., 1930).

6. 36 Or. 191, 60 P. 610, 611, 61 P. 1128 (1900).

7. State v. Reyner, 50 Or. 224, 91 P. 301 (1907), State v. Grinolds, 223 Or. 68, 353 P.2d 851, 856 (1960) wherein it is pointed out that the Oregon statute was amended in 1959 to provide a separate penalty for shoplifting.

8. S.L.A.1962, ch. 85.