(March 23, 1900.)

## In re ALCORN.

[60 Pac. 561.]

Habeas Corpus—Section 7926 of the Revised Statutes Construed.—Under an indictment charging murder in the first degree, a finding by the jury of a verdict of guilty of manslaughter is proper, and in accordance with the provisions of section 7926 of the Revised Statutes of Idaho.

Indictment—Criminal Procedure.—A defect in the form of an indictment by reason of a clerical omission, and which should, under the provisions of the Penal Code, have been raised by demurrer, cannot be made the ground for issuing a writ of *habeas corpus* after conviction and sentence.

(Syllabus by the court.)

An original proceeding. Application for writ of *habeas corpus*.

Edwin McBee, for Petitioner.

It is an elementary principle of law that a conviction of manslaughter is an acquittal of murder. (9 Ency. of Law, 749; 1 McLain on Criminal Law, sec. 390; *People v. Gilmore,* 4 Cal. 376, 60 Am. Dec. 620.) Death caused in attempting abortion is murder, and not manslaughter. This is true under our statute, and was so at common law. (4 Blackstone's Commentaries, 201; *State v. Moore,* 25 Iowa, 128, 95 Am. Dec. 776, and note.) The court should not have received this verdict. (2 Bishop's Criminal Practice, 594; 4 Sharwood's Blackstone, 201.) In this case, the indictment charges homicide, committed in performing an act, which, under our statute, is a felony. (Idaho Rev. Stats., secs. 6561, 6563, 6794.) The court had no jurisdiction to sentence petitioner on this verdict, hence the judg-

ment is void, and petitioner must be released. (*Ex parte Cox*, 3 Idaho, 530, 32 Pac. 197; 1 Black on Judgments, 258; 9 Ency. of Law, 225; *Ex parte Lange*, 18 Wall. 163; *Garvey's Case*, 7 Colo. 384, 49 Am. Rep. 358, 3 Pac. 903; *In re Havlik*, 45 Neb. 747, 64 N. W. 234.) The court or judge can, on *habeas corpus* grant relief to a prisoner, who has been indicted, upon the ground that the fact stated in the indictment, information, or complaint did not constitute a crime, if this goes to the question of jurisdiction, (9 Ency. of Law, 195; *Ex parte Coryell*, 22 Cal. 178; *In re Buell*, 3 Dill. 116, Fed. Cas. No. 2102; *Davis Case*, 122 Mass. 324; *Ex parte Brenner*, 3 Wyo. 112, 26 Pac. 993.)

Samuel H. Hays, Attorney General, for the State.

A clerical error in a date in an indictment may frequently be amended. (*State v. May*, 45 S. C. 509, 23 S. E. 513; *Myers v. Commonwealth*, 79 Pa. St. 308; *Vowells v. Commonwealth*, 84 Ky. 52; *State v. Hedge*, 6 Ind. 330; *State v. Crawford*, 99 Mo. 74, 12 S. W. 354; *State v. Burnett*, 81 Mo. 119; *Brassfield v. Stats*, 55 Ark. 556, 18 S. W. 1040.) If the lower court had a general jurisdiction of the class of offenses mentioned in the indictment, this court can make no further inquiry. (*Ex parte Coy*, 127 U. S. 731, 8 Sup. Ct. Rep. 1263; *Ex parte Watkins*, 3 Pet. 193; *Ex parte Wilson*, 140 U. S. 575, 11 Sup. Ct. Rep. 870; *Petition of Semler*, 41 Wis. 517; *Ex parte Hays*, 15 Utah, 77, 47 Pac. 612; *Ex parte Harlan*, 1 Okla. 48, 27 Pac. 920; *Ex parte Le Roy*, 3 Okla. 322, 41 Pac. 615; *Ex parte McNulty*, 77 Cal. 166, 11 Am. St. Rep. 257, 19 Pac. 237.)

Per CURIAM.—The petitioner was indicted in the district court for Kootenai county, for the crime of murder, alleged to have been committed upon one Cora A Burke "by attempting to produce upon the said Cora A. Burke a criminal abortion, from the effects of which she died on the twenty-third day of June, 1899." Upon this indictment the petitioner was convicted of the crime of manslaughter. The petition herein is based upon the following grounds: 1. That under the indictment a conviction could not be had for manslaughter, and the verdict of the jury, when received by the court, is an acquittal

of the crime of murder, as charged in the indictment; 2. That the indictment does not charge a public offense."

We do not feel constrained to expend time in the consideration of the first point presented by the petition. The provisions of section 7926 of our Revised Statutes settle this question, and any discussion of it after the repeated and uniform decisions upon it and similar statutes would be an act of supererogation.

As to the second point: The indictment charges "that the said R. J. Alcorn, on or about the twenty-first day of June, ——, and before the finding of this indictment, at Kootenai county, state of Idaho, in and upon one Cora A. Burke, feloniously, and of his malice aforethought, did make an assault," etc., from the effects whereof the said Cora A. Burke, on the twenty-third day of June, 1899, did die. From the answer it appears that on the trial it was proven, without objection, on the part of the defendant, that said assault was committed on the twenty-first day of June, 1899. It is contended by petitioner, as it does not directly appear from the indictment that death from the assault occurred within a year and a day from the commission of the assault, that, therefore, no public offense is charged. No demurrer was filed to the indictment. A motion in arrest of judgment was made, and overruled by the trial court, but upon what grounds said motion was made does not appear. Without passing upon the question as to the sufficiency of the indictment in the particular point raised, it is enough to say that the questions raised cannot be made the grounds for a writ of *habeas corpus*. Under the provisions of our Penal Code (title 6, chapter 3), these questions should have been raised by demurrer, and are proper matters of appeal. The writ of *habeas corpus* cannot be made available to serve the purposes of an appeal. Writ denied.