(December 2, 1924.)

STATE, Respondent, v. R. B. HART, Appellant.

[231 Pac. 671.]

POSSESSION OF INTOXICATING LIQUOR—EVIDENCE OF ALCOHOLIC CON-
TENT—ADMISSIBILITY—CONFLICT IN EVIDENCE.

    1. Admission of evidence of alcoholic content of a liquid, based
on an analysis made 15 days after it was seized, is not erroneous,
where the evidence shows there was no material change in its con-
dition.

    2. Where there is a conflict in the evidence, the judgment will
not be disturbed because of insufficient evidence if, taken as a
whole, it is sufficient to sustain the judgment.

APPEAL from the District Court of the Seventh Judicial
District, for Canyon County. Hon. Ed L. Bryan, Judge.

Judgment of conviction of unlawful possession of intoxi-
cating liquor. *Affirmed.*

F. W. Byrd, for Appellant, cites no authorities.

A. H. Conner, Attorney General, and James L. Boone,
Assistant, for Respondent.

Where there is substantial conflict in the evidence, but
taken as a whole it is sufficient to sustain the verdict, the
appellate court will not disturb the judgment based thereon.
(*State v. Carlson,* 23 Ida. 545, 130 Pac. 463; *State v. Hop-
kins,* 26 Ida. 741, 145 Pac. 1095; *State v. Bouchard,* 27 Ida.
500, 149 Pac. 464; *State v. Mox Mox,* 28 Ida. 176, 152 Pac.
802; *State v. Steen,* 29 Ida. 337, 158 Pac. 499; *State v.
Suennen,* 36 Ida. 219, 209 Pac. 1072.)

McCARTHY, C. J.—This is an appeal from a judgment
of conviction of the crime of unlawful possession of in-
toxicating liquor. The principal specifications of error,
and the only ones which we find it necessary to expressly
mention are (1) that the court erred in permitting the in-

troduction of evidence as to the alcoholic content of certain liquid, and (2) that the evidence is insufficient to show that the liquid in appellant's possession was intoxicating liquor.

The evidence shows that on August 6, 1924, officers searched appellant's residence pursuant to a search-warrant. In the basement they found a 50-gallon barrel with 15 gallons of cherry liquid, a 20-gallon and a 10-gallon jar nearly full of malt liquid, 13 or 14 bottles filled with malt liquid, several big jars and a 10-pound lard bucket filled with old bottle caps and about 100 new caps, also 5 or 6 cans of malt syrup, 3 or 4 new oak barrels and about 100 empty bottles. Appellant testified that his wife was called away shortly after purchasing a large quantity of cherries, and that, when he found they were spoiling, he put them in the barrel and added sugar to them in order to make some use of them. He also testified that the malt liquid was a nonintoxicating and healthful beverage which he was endeavoring to manufacture.

The officers put some of the cherry liquid and the malt liquid in bottles, placed caps on them and kept them in a vault in the basement of the police station at Nampa for about 10 or 12 days. At the end of that time they were given to the sheriff, who delivered them to a chemist at the College of Idaho for analysis. His analysis was made about 15 days from the time the liquid was taken from appellant's basement. The chemist testified that the cherry liquid was wine containing 11.55% alcohol at the time he analyzed it. He testified that the malt liquid was beer containing 4.6% alcohol at the time he analyzed it. The witnesses described the condition, taste and smell of the liquid at the time it was taken from appellant's basement. There is competent evidence tending to show that the liquid analyzed was securely bottled, and kept in a cool place during the 15 days which elapsed before the analysis. The chemist testified that, under the conditions which existed, there would not be a material change in the alcoholic content of the liquid between the time it was taken and the time he analyzed it. Appellant relies upon *State v. Petrogalli*, 34 Ida. 232, 200 Pac. 119, in which this court held that

it was error to admit evidence of analysis of a liquid made some four months after it was taken, where there was no evidence that there had been no change in its condition or alcoholic content. That decision is not in point here because there is material evidence to show that there had been no material change in the condition or alcoholic content of the liquid.

As to the sufficiency of the evidence, the most that can be claimed for appellant is that there is a conflict. Where there is a conflict in the evidence, the appellate court will not disturb the judgment because of insufficiency of the evidence, if, taken as a whole, it is sufficient to sustain the judgment. (*State v. Shepard,* 39 Ida. 666, 229 Pac. 87; *State v. Steen,* 29 Ida. 337, 158 Pac. 499; *State v. Mox Mox,* 28 Ida. 176, 152 Pac. 802; *State v. Bouchard,* 27 Ida. 500, 149 Pac. 464; *State v. Hopkins,* 26 Ida. 741, 145 Pac. 1095; *State v. Carlson,* 23 Ida. 545, 130 Pac. 463.) The evidence is sufficient to sustain the judgment.

We have examined the other specifications of error and conclude that none of them are well taken. The judgment is affirmed.

Dunn and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.