[Crim. No. 2963.    Third Dist.    Oct. 8, 1959.]

THE PEOPLE, Respondent, v. LEO D. PARROTT, Appellant.

Leo M. Cook, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Lloyd Hinkelman, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—Defendant was charged by information with a violation of section 470 of the Penal Code, it being alleged that on or about November 8, 1958, he, "with intent then and there to cheat and defraud Willoughby's Jewelry and Bank of Willits, located at Willits, California, did wilfully, unlawfully, fraudulently and feloniously, make, pass, utter and publish a certain fictitious check and order in writing for the payment of money, and did then and there make, utter, publish and pass the same, knowing said check to be fictitious, as aforesaid, with intent then and there to cheat and defraud said Willoughby's Jewelry and Bank of Willits, located at Willits, California; . . ." Defendant pleaded not guilty, and upon the trial the jury found him "guilty of forgery of fictitious name as charged in the information." Probation was denied and judgment was pronounced. Defendant has appealed from the "Final Judgment of Conviction and Sentence."

It appears from the record that on November 8, 1958, at about 5:15 p. m., Parrott entered a jewelry store in Willits, California. He looked at a watch and then informed the clerk that he would like to purchase it. He asked the clerk if she would accept a check on a local bank. After she said that she would, she furnished a blank check which Parrott requested her to complete because he had had a few drinks. She completed the check and gave it to Parrott to sign. He signed it "Frank H. Hilluon." Parrott then decided to purchase a ring. The clerk wrote out a second check for the two purchases in the sum of $108.89. Parrott affixed the name "Frank H. Hilluon" to it. He then left the store. No person by the name of "Frank H. Hilluon" had an account at the bank upon which the check was drawn. The cashier of the bank had never heard of such a person . A check with

the post office, the Pacific Gas and Electric Company, and a search of the telephone directory failed to disclose anyone with the name signed on the check. The clerk testified that, in her opinion, Parrott was not intoxicated.

Appellant does not contend that the evidence is not sufficient to sustain the conviction, but contends that the court committed prejudicial error in refusing to give the following instructions to the jury:

"If you find that the defendant was guilty of an offense included within the charge of the information, but entertain a reasonable doubt as to the crime of which he is guilty, it is your duty to convict him only of the lesser offense."

"You may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, if, in your judgment, the evidence supports such a verdict under my instructions.

"To enable you to apply the foregoing instruction, if your findings of fact require you to do so, I instruct you that the offense of forgery of which the defendant is charged in the information necessarily includes the crime of petty theft, to wit: obtaining property by false pretenses."

It is, of course, true that under section 1159 of the Penal Code a defendant may be convicted of a necessarily included offense, and it is prejudicial error not to so instruct the jury. But this rule applies only to necessarily included offenses where the accused could be guilty of the charged offense, or of the included offense, but not of both. It does not apply to situations where the two offenses involved are separate and distinct. (*People* v. *Gallagher,* 168 Cal.App.2d 417, 427 [336 P.2d 259].)

The court did not err in refusing to give the proffered instructions. In the instant case the information charged appellant with a felony, "Violation of Section 470 of the Penal Code, to-wit, forgery, in that . . . , said defendant with intent then and there to cheat and defraud Willoughby's Jewelry and Bank of Willits . . . did wilfully, unlawfully, fraudulently and feloniously, make, pass, utter and publish a certain fictitious check and order in writing for the payment of money, and did then and there make, utter, publish and pass the same, knowing said check to be fictitious, as aforesaid, with intent then and there to cheat and defraud. . . ."

We think it is clear that the only offense charged is a violation of section 470 of the Penal Code. There is nothing to

indicate that the prosecution intended to charge appellant with the theft of the items of jewelry except insofar as the words "watch" and "ring" appear on the face of the check. A person charged with forgery in the words of the statute describing the offense could not be convicted of theft because he was not informed in the pleading that he was charged with the taking of personal property by means of false pretenses.

Forgery and theft by false pretenses are not necessarily included offenses. They are two separate and distinct offenses. Forgery involves an element that is unrelated to theft by false pretenses even though the accused may have received property in each instance. In the case of forgery the gist of the offense is the false making of an instrument or the uttering of such instrument with intent to defraud. The making or use of such instrument is not a necessary part of the crime of theft. Conversely, the asportation necessary for theft is not part of the crime of forgery. The two offenses are separate and distinct and are not necessarily included offenses. (*People* v. *Gallagher*, *supra*.)

Appellant's second assignment of error involves an incident that occurred during the deliberation of the jury. The jury returned to the courtroom for further instructions and the following occurred: "JUROR No. 7: Your Honor, several of us here seem to want to know the meaning of 'intent', the time elimination, what time is expired between premeditated. THE COURT: Premeditation is not involved in this case. That's in homicide. . . . JUROR No. 8: In my mind, I'm curious as to the word 'intent' prior to the committing of the forgery or on the spur of the moment committing the forgery, because you say this was a criminal offense. THE COURT: Well, I say there's no premeditation in this kind of crime. If there is [sic] any of the instructions which I read to you which you desire to have re-read, I will re-read them if that will assist you in any manner."

The instructions relating to intent were then read to the jury again.

Appellant contends that by eliminating the element of premeditation, deliberation, or contemplation the court eliminated the issue of intent as well. We do not agree. Premeditation means to think on and revolve in the mind beforehand; to contrive and design previously. As used in section 189 of the Penal Code, defining the degrees of murder, it refers to an intent to kill formed after a preexisting reflection and not one formed as a result of mere unconsidered

action or rash impulse hastily executed. (*People* v. *Thomas*, 25 Cal.2d 880 [156 P.2d 7].) ▮ But in crimes other than murder it is immaterial whether or not the intent necessary was formed after deliberation and premeditation. The intent in other crimes may be formed hastily. The trial court was correct that premeditation was not a necessary element. The jury was instructed on the issue of intent. Before the jury could convict the appellant it has to find that there existed an intent to defraud. The court so instructed the jury. It cannot be said that the remarks of the trial judge eliminated the issue of intent.

The judgment is affirmed; the appeal from the sentence is dismissed.

Peek, Acting P. J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.