351 P.2d 472

STATE of Idaho, Plaintiff-Respondent,

v.

Wilbur B. COX, Defendant-Appellant.

No. 8707.

Supreme Court of Idaho.

March 18, 1960.

Kales E. Lowe, S. T. Lowe, Burley, for appellant.

Frank L. Benson, Atty. Gen., Robert D. Wennergren, Jedd G. Owens, Wm. E. Swope and Thomas Y. Gwilliam, Asst. Attys. Gen., Wm. T. Goodman, Pros. Atty., Rupert, for respondent.

McQUADE, Justice.

This appeal is from a judgment of conviction of the charge of negligent homicide on the grounds the evidence is insufficient to support the verdict; that the trial court erred in refusing to grant a motion in arrest of judgment, in refusing to grant a new trial, in entering the judgment upon the verdict, in giving four instructions, and in refusing to give an instruction requested by defendant.

On November 15, 1957, the defendant was hunting pheasants in the Minidoka, Idaho, area with two friends when his car skidded out of control due to ruts in the road, and collided with sufficient force against an embankment to break a radiator hose. The hose was repaired, and the men returned from hunting after dark, the defendant taking Rex Sorenson to his home at Burley, and thence driving to the home

of Melvin Lord at Heyburn, where the defendant stayed for an hour or longer, drinking about seven drinks of whiskey.

The defendant backed his automobile from the Lord home onto U. S. Highway 30, and proceeded toward Rupert at a speed of approximately 50 miles an hour when, defendant claims, due to the rough surface of the paved highway, the automobile steering rod became disconnected and defendant lost control of the car, which veered into the left lane of traffic. This incident took place one mile southeasterly from Rupert. While in the left-hand lane of traffic, the defendant collided with a car driven by Ferrell S. Kump, who had been traveling about 50 miles per hour just before the collision, but slowed down when he observed the defendant's car veering directly toward him.

Lola Kump, a younger sister of Ferrell S. Kump, was a passenger in the front seat of the Kump automobile. As a result of the collision, she suffered a semi-circular wound underneath and across her chin, and another wound on the left side of her face, which pierced the cheek into her mouth, extending about two inches from the left side of her mouth toward her left eye. Lola Kump was taken to the Rupert hospital, where she was treated. As quickly as possible, she was given a sixth grain of morphine and a fiftieth grain of atropine for pain and shock.

For the purpose of suturing the wounds, sodium pentathol was administered as the anaesthesia in two equal administrations of 10 cubic centimeters each. Immediately after administration of the second dosage, her respiration became depressed, and 10 to 15 minutes later, she died.

A five cubic centimeter sample of defendant's blood was withdrawn and sent to a laboratory, where it was determined the sample contained 241 milligrams per cent of alcohol by weight.

The prosecution proceeded on the theory the defendant was guilty of negligent homicide in that he had negligently, recklessly, and in a careless manner, and while under the influence of intoxicating liquor, and without due caution and circumspection, driven his automobile into the vehicle in which the deceased was a passenger.

Throughout the trial, the defendant proceeded on the theory he had not violated the negligent homicide statute, I.C. sec. 49–1101, because he had lost control of his automobile through a breaking of the steering mechanism, and further he was not responsible for the death of Lola Kump because she died as a result of shock induced by administration of the anaesthetic, sodium pentathol.

A pathologist testified Lola Kump's death would not have been impossible from the wounds which she sustained, but that the findings were inadequate to explain her

death. He further testified although death might have occurred, in his opinion the effect of the anaesthesia was a contributing factor to her death.

Photographs were introduced in evidence showing a broken tie rod on defendant's car.

The court, in submitting the case to the jury, in addition to other instructions, instructed the jury as to the statutory definition of the term "under the influence of intoxicating liquor," the statute defining excusable homicide, and the statute defining reckless driving.

The court refused to give defendant's requested instruction no. 14, as to the theory of his defense relative to proximate cause.

Upon the evidence, in relation to the law given to the jury by way of instructions, the jury returned a verdict of guilty.

We shall consider the following grounds urged by defendant for the granting of a new trial:

"Where one person inflicts upon another a wound not in itself calculated to produce death, and the injured person dies solely as a result of the improper treatment of the wound by an attending physician or surgeon, the fact that the death was caused by medical treatment is a defense to a charge of homicide."

■ The burden of proving an affirmative defense to the extent of a reasonable doubt that Lola Kump died from causes not proximately the result of the collision was on the defendant, to be submitted with all the other evidence to the jury.

■ In a prosecution for an offense of negligent homicide, the burden is upon the State to prove beyond a reasonable doubt that the death ensued as a proximate result of the injury received. If defendant can establish, or show to the extent of creating a reasonable doubt, that Lola Kump died from causes which were not the proximate result of the injury received, the defendant is entitled to an acquittal. See Bell, Handbook of Evidence for the Idaho Lawyer, pp. 222–223. However, the defendant cannot exonerate himself from criminal liability by showing that different or more skillful medical treatment might have saved the life of the deceased, and thereby avoid the natural consequences flowing from the wounds. Rather, the defendant must show that erroneous or unskillful medical treatment became an efficient intervening cause in that such medical care thereby became the proximate cause of death. 8 A.L.R. 516; 39 A.L.R. 1270; 126 A.L.R. 916. There is no evidence in the record establishing that the doctor was negligent. The defendant's urging that Lola Kump's wounds suffered in the automobile collision were not the proximate cause of her death is without foundation.

The motion for a new trial also urged insufficiency of evidence to sustain the verdict in that the evidence fails to show the defendant was negligent in the operation of his car. Defendant, in urging this ground, relies on the theory that proof of (a) his intoxication while operating the motor vehicle, and (b) his operation of the motor vehicle in that physical condition, on the wrong side of the road, does not constitute the driving of a vehicle in reckless disregard of the safety of others.

Defendant is charged with the statutory offense of negligent homicide:

"(a) When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide. * * *" I.C. sec. 49–1101.

I. "Instruction No. 22

"You are instructed that Section 49–1102, Idaho Code, provides in part as follows:

"(a) It is unlawful * * * for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle in this state.

"(b) * * * the amount of alcohol in the defendant's blood at the time alleged as shown by chemical analysis of the defendant's blood * * * shall give rise to the following presumptions:

"1. If there was at that time 0.05 per cent or less by weight of alcohol in the defendant's blood, it shall be presumed

The defendant was convicted upon direct evidence that he was intoxicated, he was on the wrong side of the road, and as a result thereof collided with an automobile in which Lola Kump was riding, and thereby she suffered the injuries which were the proximate cause of her death. This Court has ruled such evidence is sufficient upon which to predicate a verdict of guilty. State v. Aims, 80 Idaho 146, 326 P.2d 998; State v. Davidson, 78 Idaho 553, 309 P.2d 211.

Defendant argues in his brief the invalidity of I.C. sec. 49–1101 because of its uncertainty. Attention of appellant is directed to State v. Aims, supra. However, in view of other expressions herein, this assignment of error is of academic importance only.

Defendant assigns error of the trial court in giving instructions nos. 22, 23, 25, and 26[1].

that the defendant was not under the influence of intoxicating liquor;

"2. If there was at that time in excess of 0.05 per cent, but less than 0.15 per cent by weight of alcohol in the defendant's blood, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant.

"3. If there was at the time 0.15 per cent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor.

"In connection with this statute, you are

■ Instruction no. 25 is favorable to the defendant, and, viewed in light of the other instructions, is proper. However, the last sentence of the instruction is not proper in a case of negligent homicide because it relieves the State from establishing criminal negligence, required to support a conviction of negligent homicide. State v. Davidson, supra.

■ Instructions nos. 22, 23, and 26 relate to separate offenses of driving while under the influence of intoxicating liquor and reckless driving; the acts of the de-

instructed that a presumption is a deduction which the law expressly directs to be made from particular facts. Unless declared by law to be a conclusive presumption, it may be controverted by other evidence, direct or circumstantial; but unless so controverted, the jury may find in accordance with the presumption.

"Instruction No. 23

"The statute just read to you makes it unlawful for one who is under the influence of intoxicating liquor to drive or be in the actual physical control of any vehicle in this state. The prohibited act is not conditioned or dependent upon ability to operate a vehicle safely or to control it properly, or upon the extent of the influence of the liquor upon the driver. All persons who are under the influence of intoxicating liquor—those who are able to drive safely as well as those unable so to drive—are prohibited from driving.

"The term 'under the influence of intoxicating liquor', as used in the statute and these instructions, means just what the term implies, and that is that the party has indulged in the use of intoxicating liquors to such an extent as to be affected by such use. To establish that a person was under the influence of intoxicating liquors it is not necessary to show that he was in any particular degree or state of intoxication or drunkenness, but only that he had consumed intoxicating liquor to such an extent that the use had affected or influenced him to some degree either mentally or physically.

"Whether or not the defendant in this case was under the influence of intoxicating liquor at the time involved is a question of fact to be determined by you from the evidence.

"Instruction No. 25

"You are instructed that under Section 18-4012 of the Idaho Code which I have just read to you, a homicide cannot be held to be excusable unless the following four conditions are present: First, the homicide must have been committed by accident and misfortune; Second, it must have occurred in the doing of a lawful act by lawful means; Third, ordinary caution must have been observed by the person responsible for the killing; and Fourth, this person must have acted without any unlawful intent. If any one of these four elements is not present, the killing is not excusable under the statute referred to.

"Stated in another way, when one person, having no unlawful intent, engaged in doing a lawful act by lawful means, and using usual and ordinary caution, accidently and fortuitously kills another, the homicide is excusable. But this law does not excuse a homicide committed by one while engaged in the commission of an unlawful act or doing in an unlawful manner or without due caution and circumspection a lawful act which might produce death.

"Instruction No. 26

"Section 49-1103 of the Idaho Code provides so far as material as follows:

" 'Reckless Driving—(a) Reckless Driving—any person who drives any vehicle upon a highway carelessly and heedlessly, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property * * * shall be guilty of reckless driving. * * *' "

fendant which constituted such offenses are admissible in evidence, as components or elements of the offense of negligent homicide. State v. Aims, supra. However, giving of instructions on criminal offenses not submitted to the jury as included offenses was error, since such instructions were not applicable to the issues submitted. State v. Cox, 55 Idaho 694, 46 P.2d 1093; State v. Dunlap, 40 Idaho 630, 235 P. 432; State v. Kleier, 69 Idaho 278, 206 P.2d 513; State v. Wheeler, 70 Idaho 455, 220 P.2d 687; State v. McKenna, 78 Idaho 647, 309 P.2d 206; 23 C.J.S. Criminal Law § 1312, p. 906 ff.; 16 C.J., sec. 2482, p. 1041. Nevertheless, in an appropriate case it is proper to instruct the jury on offenses included in the charge set out in the information. See State v. Petty, 73 Idaho 136, 248 P.2d 218.

Neither party requested instructions relating to included offenses. The instructions did not submit either the offense of driving while under the influence of intoxicating liquor or reckless driving as an included offense to be deliberated upon by the jury if they should find the defendant to be not guilty of the crime of negligent homicide.

Instruction no. 23 is erroneous and giving it constituted reversible error because it lessens the degree of proof necessary to support a conviction of negligent homicide. The first part of the instruction does not relate to an included offense; nor does it define the degree of negligence, i. e., criminal negligence, which the jury must find in the conduct of the defendant in order to warrant his conviction. I.C. sec. 49–1101 and State v. Davidson, supra. The defendant is charged with reckless disregard of the safety of others, whereas instruction no. 23 states:

"* * * The prohibited act is not conditioned or dependent upon ability to operate a vehicle safely or to control it properly, or upon the extent of the influence of the liquor upon the driver. * * *"

Another mischief perpetrated by this instruction is that it disregards a fundamental rule that the defendant must have the opportunity of presenting to the jury the theory of his defense against the charge. Defendant Cox contends a tie rod broke and such fortuitous event was the proximate cause of the collision and the injuries of Lola Kump. Instruction no. 23 deprived the defendant of the benefit of the requirement that the State prove criminal negligence applicable in negligent homicide. State v. Davidson, 78 Idaho 553, 309 P.2d 211.

We find no merit in defendant's motion in arrest of judgment.

Defendant assigns error of the trial court in failing to give defendant's

requested instruction no. 14.[2] Being under the influence of intoxicating liquor is not ipso facto proof of the element of reckless disregard.

In State v. Frank, 51 Idaho 21, 1 P.2d 181, 185, this Court reversed a conviction of involuntary manslaughter, and in relation to intoxicating liquor said:

"* * * Conceding that all this evidence is sufficient to sustain the inference that appellant was under the influence of intoxicating liquor in some degree at the time of the accident, it is insufficient to sustain the further inference that his condition was such that he did not have full possession of all his faculties, or that his driving while under the influence of intoxicating liquor was the proximate cause of the accident."

The defendant is entitled to have the theory of his defense to the charge properly submitted to the jury upon instructions given by the court. State v. Huskinson, 71 Idaho 82, 226 P.2d 779. Instruction no. 14 presents the theory of the defendant's defense, and he was entitled to such instruction.

Judgment of conviction is reversed, and the cause remanded to the district court for a new trial.

TAYLOR, C. J., and SMITH and KNUDSON, JJ., concur.

PORTER, C. J., sat at the hearing but did not participate in the decision.

2. "Instruction No. 14
"The Court instructs the jury that intoxication does not of itself constitute negligence, but that an intoxicated person is held to the same degree of care as one not intoxicated; therefore, if you find that the proximate cause of the collision was the breaking of the tie rod of the defendant's automobile so that the automobile could not be steered, then you should acquit the defendant even though you may believe that the defendant was under the influence of an intoxicating beverage at the time of the accident."