352 P.2d 972

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Loren D. ANDERSON, Defendant-Appellant.**

**No. 8731.**

Supreme Court of Idaho.

April 27, 1960.

Rehearing Denied June 21, 1960.

Dean Kloepfer, Burley, Black, Black & Oliver, Pocatello, for appellant.

Graydon W. Smith, former Atty. Gen., Frank L. Benson, Atty. Gen., Wm. E. Swope, Jedd G. Owens, Asst. Attys. Gen., Charles H. Creason, former Pros. Atty., and Wm. T. Goodman, Pros. Atty., Rupert, for respondent.

**SMITH, Justice.**

Respondent, by its information, accused appellant of the indictable misdemeanor of negligent homicide, which is defined by I.C. § 49–1101, which reads:

"(a) When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide."

The information charges that the death of one Allene Kraft ensued January 30, 1958, as the proximate result of injury received on that date by appellant driving a motor vehicle in reckless disregard of the safety of others.

The night of January 30, 1958, about 11:00 o'clock, p. m., on U. S. Highway 30 North, approximately one mile southwest of Rupert in Minidoka County, an automobile being driven northerly by appellant collided with a car being driven southerly by Marlene Greenwell; as the result of the collision Allene Kraft, riding in the Greenwell car, received injuries, including a broken neck, which caused her death at the scene of

the accident, as determined by Otto R. Moellmer, M. D.

The injured occupants of both cars, removed to a hospital at Rupert, received treatment for injuries sustained in the accident. Additionally, a registered nurse, acting under Dr. Moellmer's direction, extracted a quantity of blood from appellant, sufficient to perform a blood alcohol test. The results of this test, admitted into evidence, showed 0.379% by weight of alcohol in appellant's blood.

Theo Johnson, Sheriff of Minidoka County, testified that upon his arrival at the scene of the accident, he observed that the Greenwell car was headed in a southerly direction; that its right-rear wheel was off the oil resting on the gravel shoulder, and its right-front wheel was just at the edge of the oil. Sheriff Johnson then testified that he observed appellant's car headed in a northerly direction; that its left-front wheel was west of the center line of the highway; that the right-front wheel was practically on the center line, and that the two rear wheels were located on the west side of the center line. From his observations, the sheriff concluded that the impact took place in the Greenwell lane of traffic.

At the trial, in addition to the blood alcohol test introduced in evidence, five witnesses present at the scene of the accident testified that appellant smelled of alcohol and variously described the odor as faint to strong.

The witnesses, present at the scene of the accident, described the condition of the highway as hazardous because of the ice and snow.

Appellant's version of the accident is that he observed an automobile proceeding in a southerly direction toward Burley; that it appeared to him the approaching car was having difficulty in staying on its proper side of the road, and that its lights were veering slightly; that then, he turned his automobile to the right and slipped off the edge of the oiled surface which caused the car to veer towards the center of the highway; this resulted in the collision.

In his attempt to rebut the presumption arising from the results of the blood alcohol test, I.C. § 49–1102, appellant testified that he had consumed three drinks containing whiskey during the afternoon of January 30th, while discussing business with his associates; that he ate his evening meal at home in Rupert with his family, afterwards watching television until about 9:00 o'clock p. m., and then proceeded to Burley to consult with a Mr. Carlson relative to certain construction business, but whom he did not locate; that then he consumed one soft drink containing no alcoholic additives before commencing the return drive to Rupert. Appellant's wife corroborated appellant, that he ate his evening meal at home, viewed television, and left for Burley between 9:00 and 9:30 o'clock that evening.

Eldon McConnell, an expert witness for appellant, testified that appellant would have had to have consumed from twenty to twenty-five ounces of one-hundred proof whiskey in order that his blood attain the high alcoholic content indicated by the blood alcohol test. Dr. Creed, respondent's rebuttal witness, testified that the blood alcohol test was very high and that a person with such an alcoholic content in his blood would approach a comatose or unconscious condition; further, that deaths have resulted from persons indulging in alcohol where the test showed 0.400% by weight of alcohol in the blood.

The case was submitted to a jury who, after nine and one-half hours of deliberation, returned a verdict of guilty. Appellant has appealed from the resulting judgment of conviction.

■ Appellant questions the sufficiency of the information by his assignment that the trial court erred in overruling appellant's demurrer to the information and his motion to require respondent to elect.

The information accused appellant of the offense of "Negligent Homicide, as said offense is defined by Sec. 49–1101 of the Idaho Code, as Amended." The charging part of the information reads:

"That the said Loren D. Anderson of Rupert, Idaho, on or about the 30th day of January, 1958, in the County of Minidoka, State of Idaho, then and there being, did then and there engage in the running, driving and operating of a motor vehicle on the public highway, to-wit, U. S. Highway No. 30 North, approximately one mile southwest of the City of Rupert, County of Minidoka, State of Idaho, and while so engaged did wilfully, unlawfully, negligently, recklessly and in a careless manner, and while under the influence of intoxicating liquor, and without caution and circumspection or regard for the safety of others, did drive his automobile across the center line of said highway and on to the left side of the road and in front of an automobile driven by the said Marlene Greenwell, and that a passenger in the automobile driven by the said Marlene Greenwell, one Allene Kraft, as a proximate result, did then and there receive mortal wounds and injuries from the effects of which the said Allene Kraft died on the 30th day of January, 1958, in the County of Minidoka, State of Idaho, and in the manner aforesaid the said Loren D. Anderson did wilfully, unlawfully, negligently and in reckless disregard for the safety of others, but without malice, kill the said Allene Kraft, a human being, and committed the crime of Negligent Homicide by a motor vehicle."

Appellant's objections to the information are answered by I.C. § 19–1413 which provides that while the indictment must charge but one offense, nevertheless when the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count. See also State v. Brown, 36 Idaho 272, 211 P. 60; State v. Monteith, 53 Idaho 30, 20 P.2d 1023; State v. Wheeler, 70 Idaho 455, 220 P.2d 687; also State v. Ayres, 70 Idaho 18, 211 P.2d 142, wherein this Court held that the charging part of the information containing similar phraseology as in the case at bar complied with the requirements of I.C. §§ 19–1303, 19–1409, 19–1411, 19–1418 and 19–1419, in that it charged but one offense, citing a wealth of authorities. Appellant's assignment questioning the sufficiency of the information is without merit.

■ Appellant assigns error in the giving of instruction no. 13. Such instruction informed the jury that appellant was charged with the indictable misdemeanor of negligent homicide allegedly committed as set out in the charging part of the information (hereinbefore set out), and had pleaded not guilty to the offense.

Appellant contends that instruction no. 13 was prejudicial and misleading to the jury because it reiterated the allegations of the information charging appellant with several offenses; also, when considered with instruction no. 19,[1] the giving of which he also assigns as error, such allowed "the jury to consider all the different offenses charged" without having submitted "instructions or forms of verdict for included offenses."

■ The contention is not meritorious. Although instruction no. 13 sets out the principal allegations or charging part of the information, (a) the information charges but one offense, i. e., negligent homicide; (b) the information does not charge voluntary or involuntary manslaughter, as appellant asserts; State v. Davidson, 78 Idaho 553, 309 P.2d 211; (c) the information does not charge reckless driving and driving while under the influence of intoxicating liquor, except as they may be treated as included offenses, in addition to the offense of negligent homicide charged. The instruction contains the allegations of the information which charges the offense of negligent homicide committed by the use of different means, all in one count, I.C. § 19–1413; State v. Aims, 80 Idaho 146, 326 P.2d 998.

---

1. Instruction No. 19

It is not necessary that all the facts or circumstances surrounding the testimony and evidence that has been given on behalf of the State shall be established beyond a reasonable doubt. All that is necessary is that all the facts and circumstances in evidence, together, shall establish the defendant's guilt beyond a reasonable doubt.

Appellant further complains that instructions nos. 13 and 19 allowed the jury to consider various offenses charged "including those requiring intent and those requiring proof of negligence." This contention also is without merit because when all the instructions are taken and considered as a whole it appears that the trial court properly instructed on the degree of negligence, i. e., criminal negligence as the necessary ingredient of driving in reckless disregard for the safety of others, as the proximate result of which act the death ensues, constituting the offense of negligent homicide (instruction no. 20); also, properly instructed on driving while under the influence of intoxicating liquor, in reckless disregard for the safety of others (instruction no. 27).

Here the court did not give instructions designed to include offenses, defining the degree of negligence or degree of proof necessary for the conviction of any offense of lesser gravity than that required for the conviction of the higher offense charged. Hence the jury were not led to believe that they could convict appellant of the higher offense charged upon proof of a degree of negligence in lesser degree than as required for the commission of such higher offense.

█ Appellant, in argument in his brief, asserts that since the trial court by its instructions allowed the jury to consider the different offenses charged, the court should have submitted forms of verdict for the included offenses. Such assertion is incorrect. Appellant did not request any instruction submitting included offenses to the jury; in the absence of a request therefor the trial court did not commit error in failing so to instruct the jury. State v. White, 7 Idaho 150, 61 P. 517; State v. Dunn, 44 Idaho 636, 258 P. 553; State v. Scott, 72 Idaho 202, 239 P.2d 258. "If a party desires other instructions than those given by the court, the same must be requested or no error can be predicated thereon." Advance-Rumely Thresher Co. v. Jacobs, 51 Idaho 160, 4 P.2d 657, 661; Mitchell v. Atwood, 55 Idaho 772, 47 P.2d 680; Pittman v. Sather, 68 Idaho 29, 188 P.2d 600.

We deem it advisable to clear the confusion which has arisen as to included offenses. I.C. § 19-2312 provides:

"The jury may find the defendant guilty of any *offense*, the *commission* of which *is necessarily included in that with which he is charged* in the indictment, or of an attempt to commit the offense." (Emphasis supplied.)

Such section of the statute defines the included offense as *any offense* the commission of which is *necessarily* included in the offense charged in the indictment, or information.

■ The information in the case at bar charges the commission of the offense of reckless driving and driving while under the influence of intoxicating liquor as the means of charging the driving in reckless disregard of the safety of others which resulted in the commission of the offense of negligent homicide. Where, as here, the information charges the crime of negligent homicide committed by means of reckless driving and driving while under the influence of intoxicating liquor, those offenses are necessarily included in the charge of negligent homicide.

The prior decisions of this Court are in some confusion as to what constitute the *necessarily included* offenses. State v. Weise, 75 Idaho 404, 273 P.2d 97, a case involving a charge of involuntary manslaughter, perhaps is the most recent example. In that case the information charged driving a motor vehicle without due caution and circumspection, turning the automobile onto the driver's left side of the highway across the course of oncoming traffic at a time when such movement could not be made with safety, in addition to driving while under the influence of intoxicating liquor, causing collision of accused's car with an approaching automobile, with ensuing death of a passenger in the oncoming car. Appellant, in that case, contended that the charges of reckless driving and driving while under the influence of intoxicating liquor, being separate statutory offenses,

were necessarily included in the offense of involuntary manslaughter under I.C., § 19–2312, as such statute then existed, and that the court erred in not giving appellant's requested instruction thereon. This Court held, however, that neither driving recklessly nor under the influence of intoxicating liquor necessarily constituted offenses within the involuntary manslaughter charge of the information.

■ California has held that an included offense is one that is necessarily included in the statutory definition of a higher crime. People v. Krupa, 64 Cal.App.2d 592, 149 P.2d 416; People v. Greer, 30 Cal.2d 589, 184 P.2d 512; People v. Chapman, 81 Cal.App.2d 857, 185 P.2d 424; People v. Ayala, 167 Cal.App.2d 49, 334 P.2d 61; People v. Gaither, Cal.App., 343 P.2d 799; People v. Parrott, Cal.App., 344 P.2d 643. This Court has not followed that strict rule but in effect has held that an offense is an included offense if it is alleged in the information as a means or element of the commission of the higher offense.

In re Alcorn, 7 Idaho 101, 60 P. 561; State v. Alcorn, 7 Idaho 599, 64 P. 1014, held that a charge of murder by the means of an attempt to commit an abortion included a charge of manslaughter.

In State v. Garney, 45 Idaho 768, 265 P. 668, the accused was convicted of the charge of assault with intent to commit rape. This Court held that it was error to refuse the

defendant's request for an instruction advising the jury that defendant might be found guilty of a simple assault, as an included offense.

In State v. Alvord, 47 Idaho 162, 272 P. 1010, the defendant was convicted of rape; the jury was instructed that it might find him guilty of rape, attempt to commit rape, or assault with intent to commit rape. On appeal, error was assigned in the failure of the trial court to instruct that the accused might be found guilty of simple assault. This Court held that since the jury refused to find defendant guilty of an offense next higher in degree to simple assault, it was apparent that had the instruction been given, the jury would not have found the defendant guilty of simple assault, and that therefore there was no reversible error.

In State v. Thomas, 47 Idaho 760, 278 P. 773, and State v. Elsen, 68 Idaho 50, 187 P.2d 976, this Court held that simple assault is an offense included in a charge of assault with intent to commit rape, but that error was not committed in refusing to instruct that the jury might find the accused guilty of simple assault in the absence of evidence which would tend to reduce the grade of the offense charged; and this same rule was also applied in State v. Brooks, 49 Idaho 404, 288 P. 894, and State v. Scott, 72 Idaho 202, 239 P.2d 258.

In State v. Wilding, 57 Idaho 149, 63 P.2d 659, the defendant, charged with battery, was found guilty of simple assault. On appeal the majority of the court held that simple assault was a lesser included offense. However Justices Holden and Morgan dissented, pointing out that the complaint did not allege the statutory elements of simple assault and therefore did not contain the particulars necessary to enable the accused to understand distinctly the character of the offense alleged, as required by statute, and that in the absence of such particulars, the offense of simple assault was not included in the charge.

In Matter of McLeod, 23 Idaho 257, 128 P. 1106, the information charged the accused with murder in the language of the statute, but contained no allegation of the manner or means of commission of the crime. This Court held that the charge included murder in the first and second degrees, and manslaughter; but, since the information contained no allegation to that effect, it did not include the crime of assault with a deadly weapon, of which offense the defendant was convicted. This Court reversed the conviction and remanded the case with leave to the prosecutor to file a complaint charging the crime of assault with a deadly weapon, saying that had the information included that offense the conviction would have been upheld. Quoting from Moore v. State, 59 Miss. 25, this Court said:

" 'Where an indictment for murder or manslaughter charges an assault and battery, or an assault, the verdict may be for either according to the proof, but under an indictment for murder or manslaughter in the form permitted by Code 1880, § 3016, it is not allowable to render a verdict for an assault and battery or an assault, neither of which is charged in terms by the indictment, or *necessarily* included in the offense charged.' " 23 Idaho at page 266, 128 P. at page 1109.

This quotation expresses the converse of the rule which this Court has generally followed, that an offense is included within the meaning of the statute [now I.C. § 19–2312] if it is (1) charged in terms in the indictment or information as the manner or means of the commission of the crime charged (I.C. § 19–1413), or (2) is necessarily included in the higher crime charged (I.C. § 19–2312).

In State v. Wall, 73 Idaho 142, 248 P.2d 222, this Court held that acts going to the extent of the actual commission of the infamous crime against nature, where the victim was under 16 years of age, would also constitute lewd and lascivious conduct as a necessaily included offense.

In State v. Petty, 73 Idaho 136, 248 P.2d 218, we held that a charge of lewd and lascivious conduct does not necessarily include assault with intent to commit rape, but that a charge of assault with intent to commit rape necessarily includes the charge of lewd and lascivious conduct.

In State v. Owen, 73 Idaho 394, 253 P.2d 203, 212, we laid down the general rule:

"Generally any offense which is included within the language of the information, or necessarily included in the charge, should be submitted to the jury."

█ We therefore hold, in our desire to clear the confusion which has arisen in the premises, that pursuant to I.C. § 19–2312, any offense, the commission of which is necessarily included in that charged in the indictment or information, is an included offense; that, therefore, it is proper for an accused to request, and for the trial court to give, an instruction permitting a conviction of such an included offense, if there is sufficient evidence to support a conviction of the included offense.

█ Appellant assigns error in the giving of instruction no. 29[2], relating to ex-

2. Instruction No. 29
You are instructed that Section 18–4012, Idaho Code, reads in part as follows:
"Homicide is excusable in the following cases:

"1. When committed by accident and misfortune, in lawfully correcting a child or servant, or in doing any other lawful act by lawful means, with usual and ordinary caution, and without any unlawful intent."

cusable homicide, his main objection being that after quoting from I.C. § 18–4012, the trial court followed the quotation with the requirement, inter alia, that "the defendant prove that he was using *usual* and *ordinary* caution." The portion of the instruction objected to, "stated in another way," merely reiterated the provisions of I.C. § 18–4012 that the homicide is excusable when committed in doing the acts referred to with "usual and ordinary caution." Moreover appellant has no cause to complain on account of this instruction because

it was favorable to him, consonant with the basic theory of his defense, i. e., that the homicide was excusable. Further, this Court has approved the giving of such an instruction; see State v. Salhus, 68 Idaho 75, 89, 189 P.2d 372, 380, and State v. Scott, 72 Idaho 202, 211, 239 P.2d 258, 263, each involving a charge of involuntary manslaughter. There is no merit in this assignment.

■ Appellant next assigns error of the trial court in failing to give appellant's requested instructions nos. 1,[3] 2,[4] 3,[5] and 6;[6]

> You are instructed that under Section 18–4012 of the Idaho Code which I have just read to you, a homicide cannot be held to be excusable unless the following four conditions are present: First, the homicide must have been committed by accident and misfortune; Second, it must have occurred in the doing of a lawful act by lawful means; Third, ordinary caution must have been observed by the person responsible for the killing; and, Fourth, this person must have acted without any unlawful intent. If any one of these four elements is not present, the killing is not excusable under the statute referred to.
>
> Stated in another way, when one person, having no unlawful intent, engaged in doing a lawful act by lawful means, and using usual and ordinary caution, accidently and fortuitously kills another, the homicide is excusable. But this law does not excuse a homicide committed by one while engaged in the driving of any vehicle in reckless disregard of the safety of others as a proximate result of which injury is received and death ensues within one year.

3. Defendant's Requested Instruction
No. 1
> The Court instructs the jury that the mere fact that an unfortunate and fatal

> accident happened in which the defendant was involved, if that be the fact, considered alone, does not prove and does not support an inference that the defendant conducted himself without due caution and circumspection. It is incumbent upon us, when determining whether or not a person exercised due caution and circumspection, to consider the facts immediately preceding and all the facts surrounding the occurrence in question, and not to be moved to a conclusion solely by the fact of an unfortunate result.

4. Defendant's Requested Instruction
No. 2
> The word "negligence" imports a want of such attention to the nature or probable consequences of an act or omission as a prudent man ordinarily bestows in acting in his own concerns. Although the law defines negligence as I have stated, we recognize that the term is not an absolute one but is a relative one. By this we mean that in deciding whether or not certain conduct in question amounted to criminal negligence, the conduct must be considered in the light of

contending that those requested instructions embodied his theory of the case.

Appellant's requested instructions nos. 1 and 6 both go to the theory of unavoidable accident and whether appellant conducted himself with due care and circumspection. Such requested instructions are sufficiently covered by instructions nos. 1, 2, 3, 16, 17, 28 and 29. Those instructions advise the jury: to consider all the facts as shown by the evidence and apply the law thereto as given by the court (nos. 1 and 2); to consider all the instructions as a whole (no. 3); that if, after considering all the evidence, the jury entertains reasonable doubt as to the truth of any material allegation of the information, the jury must give defendant the benefit of such doubt and acquit him (no. 16); of the essential elements of negligent homicide which must be proven beyond a reasonable doubt, and if not so proven after consideration of all the evidence, the jury must give defendant the benefit of such doubt and acquit him (no. 17); of the theory of unavoidable accident (no. 28) and all the elements of excusable homicide (no. 29).

Appellant's requested instruction no. 2 is sufficiently covered by instructions nos. 20 and 23, defining criminal negligence and reckless disregard.

Appellant's requested instruction no. 3 is sufficiently covered by instruction no. 29 on excusable homicide, which also incorporates the theory of unavoidable accident.

We therefore conclude that the trial court did not err in refusing to give such requested instructions.

 Appellant assigns as error the entry of the judgment of conviction on

---

all the surrounding circumstances as shown by the evidence.

5. Defendant's Requested Instruction No. 3
The Court instructs the jury that, when a person commits an act or makes an omission through misfortune or by accident under circumstances that show no evil design, intention or culpable negligence, he does not thereby commit a crime, although the same act or omission committed under different circumstances and coupled with criminal intent would constitute a crime.

6. Defendant's Requested Instruction No. 6
The Court instructs the jury that a person who, without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to himself or to others, is not expected or required to use the same judgment and prudence that is required of him, in the exercise of ordinary care, in calmer and more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinarily prudent person under the same conditions, he does all the law requires of him, although, in the light of after-events, it would appear that a different course would have been better and safer.

grounds of insufficiency of the evidence to sustain the verdict and judgment which assignment we deem to be without merit.

We have hereinbefore briefly reviewed the facts and circumstances relating to the collision which resulted in the charge against appellant. Suffice it to say that the evidence is conflicting as to the amount of intoxicants which appellant consumed the day of the accident, whether sufficient to render him under the influence of intoxicating liquor while driving his automobile at the time of the collision.

In all other respects the evidence appears fairly undisputed including the fact that the impact occurred some two feet onto the northwest side of the center line of the highway, in the lane of traffic of the oncoming Greenwell car.

■ "In every case the credibility of the witness may be drawn in question, * * * and the jury are the exclusive judges of his credibility," and consequently may believe or disbelieve all or any portion of his testimony. I.C. § 9–201; State v. Cacavas, 55 Idaho 538, 44 P.2d 1110; State v. Hansen, 67 Idaho 359, 181 P.2d 192; State v. Davis, 69 Idaho 270, 206 P.2d 271; State v. Johnson, 77 Idaho 1, 287 P.2d 425, 51 A.L.R.2d 1386.

■ There being substantial, competent evidence to sustain the jury's verdict, the same will not be disturbed on appeal.

State v. Steen, 29 Idaho 337, 158 P. 499; State v. Hart, 40 Idaho 71, 231 P. 671; State v. Kleier, 69 Idaho 278, 206 P.2d 513; State v. Johnson, supra; State v. McKenna, 78 Idaho 647, 309 P.2d 206.

■ Appellant assigns as error the trial court's refusal to recognize and grant his application for clemency and probation, made orally at the time of sentence, citing I.C. § 19–2601; also State v. Mitchell, 77 Idaho 115, 289 P.2d 315, which holds that such an applicant is entitled to have the trial court consider the facts in exercising its discretion in determining whether the application should be granted. In the Mitchell case the application was in writing, and it, together with the court's rulings thereon, constituted a part of the record on appeal. Here, however, the application, being oral, is not a part of the appellate record; neither are the court's rulings on denial of the application a part of such record; nor does there appear to have been any request that the rulings be incorporated into the record.

Under similar circumstances a record must be made of the proceedings on an application for clemency and probation, including the ruling thereon of the trial court in the event a review of the ruling is desired on an appeal.

■ Here, in the absence of a record, it cannot be presumed that the trial court

did not consider appellant's application for clemency and his grounds urged therefor. Such is indicated by the sentence of 4 months jail imprisonment and the fine of $500.00, as compared to the maximum sentence provided for the offense of negligent homicide of one year imprisonment and $1,000 fine. I.C. § 49–1101.

The judgment is affirmed.

TAYLOR, C. J., and KNUDSON and McQUADE, JJ., concur.

PORTER, C. J., sat at the hearing but did not participate in the decision.

On Denial of Petition for Rehearing

SMITH, Justice.

Appellant in his petition for rehearing asserts that in view of the reversal of the judgment of conviction of the offense of negligent homicide in State v. Cox, 82 Idaho 150, 351 P.2d 472, this Court committed error in its refusal to reverse the judgment of conviction in the case at bar.

Appellant, claiming inconsistence in the two decisions, asserts that in the Cox case we held that instructing the jury on offenses included within that of negligent homicide was reversible error, whereas we did not in the case here; also, that in the Cox case, failure to instruct on the defendant's theory of the case was held to be error, but not here.

In State v. Cox this Court refers to the giving of Instructions Nos. 22, 23 and 26 as relating to the separate offenses of driving while under the influence of intoxicating liquor, and reckless driving; then cites State v. Aims, 80 Idaho 146, 326 P.2d 998, as authority for the admissibility in evidence of the acts of the defendant constituting such offenses, as components or elements of the offense of negligent homicide. The Court then proceeds [82 Idaho 150, 351 P.2d 476]: "However, giving of instructions on criminal offenses not submitted to the jury as included offenses was error, since such instructions were not applicable to the issues submitted." The Court did not hold that so instructing was reversible error, particularly in the light of the Court's further holding, that "neither party requested instructions relating to included offenses." In the Anderson case, here, as shown in the original opinion, the instructions did not submit the matter of included offenses to the jury.

In State v. Cox reversible error occurred in the giving of Instruction No. 23 (set out in footnote 1, at 351 P.2d 475–476); the first paragraph, the giving of which constituted reversible error, reads:

"The statute just read to you makes it unlawful for one who is under the influence of intoxicating liquor to drive or be in the actual physical control of any vehicle in this state. The prohibit-

ed act is not conditioned or dependent upon the ability to operate a vehicle safely or to control it properly, or upon the extent of the influence of the liquor upon the driver. All persons who are under the influence of intoxicating liquor—those who are able to drive safely as well as those unable so to drive— are prohibited from driving."

No such or similar paragraph was contained in the corresponding Instruction No. 27, or any other instruction, given in the case here.

Moreover, Instruction No. 27 given herein lends weight to our view, expressed in the original opinion, that the matter of included offenses was not submitted to the jury (and appellant requested no instruction in the premises). For, under the instruction, whether appellant drove a vehicle in reckless disregard of the rights of others or was under the influence of intoxicating liquor at the time of the accident, constituted questions of fact to be determined by the jury, in determining whether appellant committed the offense of negligent homicide "by the use of different means," I.C. § 19–1413, set out in the information.

Appellant attempts to raise the question of asserted different meanings of the term "reckless disregard" as used in the negligent homicide statute, I.C. § 49–1101, and in the "guest" statute, I.C. § 49–1401. De-

cision on that point is unnecessary to the disposition of this case.

In further review of the instructions given herein we continue the view that the trial court adequately instructed the jury on the theory of appellant's case.

The petition for rehearing is denied.

TAYLOR, C. J., and KNUDSON and McQUADE, JJ., concur.

PORTER, C. J., did not participate.