Gerald A. MAHLE, Appellant,

v.

STATE of Alaska, Appellee.

No. 433.

Supreme Court of Alaska.

May 11, 1964.

Russell E. Arnett, Anchorage, for appellant.

Robert C. Erwin, Dist. Atty., Leroy J. Barker, and Dorothy Awes Haaland, Asst. Dist. Attys., Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

Gerald A. Mahle, defendant below, appeals from his conviction of the crime of larceny in a building.[1] He bases his appeal upon the refusal of the trial court to give a requested instruction to the jury on shoplifting as a lesser offense included within the crime of larceny in a building.

It was established at the trial that on May 30, 1963, in the late afternoon the manager of the Spenard Piggly Wiggly store, while observing the defendant about to leave the store, saw a steak drop from underneath his coat. The manager thereupon grabbed the defendant and in the ensuing scuffle eight more hidden steaks were dislodged from the defendant's belt and fell to the floor. With the help of two other men, the manager finally subdued the defendant and held him for the police. The steaks were the property of the owner of the store and had a total value of $15.12.

The defendant does not seem to question the sufficiency of the evidence to sustain a conviction for either the felony with which he was charged or the crime of shoplifting,

1. The crime of larceny in a building is defined by Alaska statute, with penalties provided, as follows:

"Sec. 11.20.150. Larceny in building or vessel. A person who commits the crime of larceny in a dwelling house, banking house, office, store, shop, or warehouse, or in a ship, steamboat, or other vessel, or who breaks and enters in the night or daytime a church, courthouse, meeting house, town house, college, academy, or other building erected or used for public uses, and commits the crime of larceny in it, is punishable by imprisonment in the penitentiary for not less than one nor more than seven years."

a misdemeanor. In support of his contention that an instruction on shoplifting should have been given, he urges that the essential difference between the two offenses is that larceny in a building is an aggravated larceny and that shoplifting is not. It is his opinion that in passing the shoplifting statute, the legislature intended to avoid unusually severe sentences and to give the jury a part in the determination of the issue of aggravation in a particular case. Otherwise, he concludes: "The Legislature might as well not have acted as far as an accused shoplifter is concerned."

The only support the defendant offers for his opinion is the following excerpt from a decision of this court construing the larceny in a building statute:

> "It is not possible to construe section 65–5–42 [now AS 11.20.150] under any of the theories advanced by appellant so as to give it the effect of a shoplifting statute. It is possible, as appellant argues, that unusually severe sentences could result from particular prosecutions under this statute, but this is not inevitably so. The Alaska legislature recognized the need for a shoplifting statute and enacted one in 1962, subsequent to the commission of the offense herein." [2]

We might have been persuaded by the defendant's arguments were it not for the fact that the legislature saw fit to inject into the shoplifting statute the element of concealment, which is not mentioned in the definition of the crime of larceny from a building. Thus, the shoplifting statute is entitled and declares:

> "Sec. 11.20.275. *Concealment* of merchandise. (a) A person who, without authority, wilfully *conceals* upon or about his person the goods or merchandise of a retail business establishment, not theretofore purchased by the person, while still upon the premises of the retail business establishment, with intent to deprive the owner of the goods or merchandise, shall be guilty of a misdemeanor and, upon conviction, is punishable by a fine of not more than $500, or by imprisonment for not more than six months, or by both.
>
> "(b) Goods or merchandise found *concealed* upon or about the person and which have not theretofore been purchased by the person are prima facie evidence of a *wilful concealment.* (§ 1 ch. 85 SLA 1962)" [Emphasis supplied.]

■ True, under a rule such as our Crim. R. 31(c),[3] which provides that a defendant may be found guilty of an offense necessarily included in the offense charged, it is error for a trial court to refuse to instruct on a necessarily lesser included offense.[4] In other words the instruction as to the lesser offense must be given where some of the elements of the crime charged themselves constitute the lesser crime.[5] In the instant case we cannot say that shoplifting as defined by our legislature is a lesser necessarily included offense of larceny in a building. To put it another way, a per-

---

2. Widermyre v. State, Opinion No. 122, 377 P.2d 536, 537 (Alaska 1963).

3. The applicable portions of Alaska Crim. R. 31(c) are identical with those contained in Rule 31(c) of the Federal Rules of Criminal Procedure.

4. Berra v. United States, 351 U.S. 131, 134, 76 S.Ct. 685, 687, 100 L.Ed. 1013, 1017–1018 (1956); Lee v. United States, 238 F.2d 341, 346 (9th Cir. 1956); United States v. McCue, 160 F.Supp. 595, 602 (D.C.Conn.1958). In Berra v. United States, the Supreme Court stated:

"Rule 31(c) of the Federal Rules of Criminal Procedure, * * * provides that a defendant may be found guilty of an offense 'necessarily included in the offense charged.' In a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justified it, would no doubt be entitled to an instruction which would permit a finding of guilt of the lesser offense."

5. Berra v. United States, supra note 4, id.

son may commit larceny in a building without necessarily committing the crime of shoplifting.[6]

The term "larceny" has not been defined in any of the Alaska statutes treating of that subject,[7] so we may look to the common law for a definition.[8]

■ Larceny at common law may ordinarily be defined as the wrongful or felonious taking and carrying away of the personal goods of another with the intent to permanently deprive the owner of his property therein.[9] Clearly, the element of wilful concealment of the goods or merchandise by the offender on or about his person, as described in the shoplifting statute, is not a necessary element of the crime of larceny, a fortiori, of the crime of larceny from a building.[10]

The significance of the absence of the element of concealment from the crime of larceny from a building is well illustrated by the state as follows: "[I]f a person enters a retail store and seizes a pair of shoes and runs out carrying them in his hand he could be convicted of larceny in a building but not of concealment of merchandise because there was no element of 'wilful concealment'."

■ We conclude that the crime described in the shoplifting statute is not an offense necessarily included in the crime of larceny in a building as charged in the indictment and, therefore, it was not error for the trial court to refuse to give the defendant's requested instruction on shoplifting.

Affirmed.

6. As pointed out by the state in its brief, it has been held by good authority that to be necessarily included within the meaning of Crim.R. 31(c) the lesser included offense must be such that it is impossible to commit the greater without first having committed the lesser. Larson v. United States, 296 F.2d 80 (10th Cir. 1961); James v. United States, 16 Alaska 513, 238 F.2d 681, 683 (9th Cir. 1956). See also People v. Parrott, 174 Cal.App.2d 301, 344 P.2d 643, 645 (1959).

7. AS 11.20.140–11.20.276. See also AS 11.15.240, 11.15.250; 11.20.100, 11.20.110, 11.20.280, 11.20.290, 11.20.350.

8. AS 01.10.010 provides as follows: "So much of the common law not inconsistent with the Constitution of the State of Alaska or the Constitution of the United States or with any law passed by the legislature of the State of Alaska is the rule of decision in this state."

9. Murphy v. United States, 206 F.2d 571, 573 (5th Cir. 1953); Ex parte Atkinson, 84 F.Supp. 300, 304 (E.D.S.C.1949); Stapleton v. United States, 17 Alaska 713, 260 F.2d 415, 418 (9th Cir. 1958); People v. Cannon, 77 Cal.App.2d 678, 176 P.2d 409, 417 (1947); State v. Tauscher, 227 Or. 1, 360 P.2d 764, 773, 88 A.L.R.2d 674 (1961); Trevathan v. Mutual Life Ins. Co., 166 Or. 515, 113 P.2d 621, 623 (1941); 2 Wharton, Criminal Law and Procedure § 447 (12th ed. 1957).

10. Compare People v. Gallagher, 168 Cal.App.2d 417, 336 P.2d 259, 265 (1959).